## In re CAMERON'S ESTATE.

(Supreme Court, Appellate Division, Second Department.    October 11, 1904.)

1. TRANSFER TAX—SURROGATE SETTING ASIDE ORDER.

    The surrogate, though acting on newly discovered evidence, may set aside his prior order fixing a transfer tax, without remitting the matter to the appraiser, where it is plain that the facts establishing the exemption of the property cannot be controverted, especially as under Tax Law (Laws 1896, p. 875, c. 908) § 232, the surrogate is expressly authorized to determine the value of an estate and the amount of tax to which it is liable without appointing an appraiser.

2. SAME—DIRECTION FOR REFUNDING TAX.

    A decree of the surrogate setting aside his prior order fixing a transfer tax need not direct the State Comptroller to refund; the comptroller being commanded by Laws 1896, p. 871, c. 908, § 225, as amended by Laws 1897. p. 152, c. 284, to refund in such case.

Appeal from Surrogate's Court, Suffolk County.

In the matter of the transfer tax on the estate of Edward M. Cameron, deceased. From a decree of the Surrogate's Court vacating a prior order of that court fixing a transfer tax on certain property received by Harris D. Colt, as executor of said Edward M. Cameron, deceased, from the estate of Richard Arnold, the State Comptroller appeals; and from the portion of the decree denying an application for a direction to said comptroller to refund said tax said executor appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Robert C. Cumming, for State Comptroller.

Hugo Kohlmann (A. Henry Mosle, on the brief), for Harris D. Colt, executor.

WILLARD BARTLETT, J. We think that the surrogate of Suffolk county, upon the petition and proofs presented to him in this proceeding, was justified in setting aside the original order imposing a transfer tax upon the moneys which the executor had received from the estate of Richard Arnold, inasmuch as it appeared without contradiction that such moneys were the proceeds of an interest of the decedent in real estate, and were, therefore, not subject to any tax under the laws of this state in relation to taxable transfers of property.

It is contended in behalf of the comptroller that the surrogate, instead of vacating the prior order, should have remitted the whole matter to the official appraiser to make the computation upon which the taxability or nontaxability of the property depends. His position in this respect might be correct if there was any proof whatever in opposition to that presented by the executor in his moving papers. No evidence was offered before the surrogate, however, to controvert any of the facts upon which the executor based the present application. It is true that the order now under review is expressly based upon evidence stated to have been discovered since the entry of the original order; and ordinarily, where a determination is set aside on the ground of newly discovered evidence, the order setting it aside should not con-

tain an adjudication the other way, but should provide for a new hearing, upon which both parties may be heard. Here, however, it is plain enough that the State Comptroller has no means of controverting the facts relied upon by the executor to establish the exemption of the property in question; and under these circumstances we think it would have been an idle ceremony for the surrogate to send the matter back to the official appraiser, particularly as under section 232 of the tax law (Laws 1896, p. 875, c. 908) he is expressly empowered to determine the cash value of an estate and the amount of tax to which the same is liable, without appointing an appraiser. If he could have done it before the original order, there is no reason why he cannot do it now.

On the other hand, we do not think we ought to interfere with the surrogate's refusal to insert in the order a direction to the State Comptroller to refund the amount of the tax. Such provisions are common in orders of this kind, and orders containing them frequently have been affirmed in this court and the Court of Appeals. Matter of Silliman, 79 App. Div. 98, 80 N. Y. Supp. 336, affirmed 175 N. Y. 513, 67 N. E. 1090; Matter of Scrimgeour, 80 App. Div. 388, 80 N. Y. Supp. 636, affirmed 175 N. Y. 507, 67 N. E. 1089. A direction to the State Comptroller to refund seems proper enough. It affords no real ground of objection on the part of that officer, inasmuch as it gives express judicial sanction to his repayment of the tax. It is not at all essential, however, to the preservation or enforcement of the rights of the party entitled to such repayment, because the statute itself commands the State Comptroller in cases of this kind to direct and allow the treasurer of the county or the comptroller of the city of New York to refund to the persons by whom the tax has been paid the amount of any moneys paid or deposited on account of such tax in excess of the amount of tax which ought to have been exacted. Laws 1896, p. 871, c. 908, § 225, as amended by Laws 1897, p. 152, c. 284.

These views require an affirmance of the decree in all respects.

Decree of the Surrogate's Court of Suffolk county affirmed, without costs of this appeal. All concur.