ANNA HEMMERICH, an Infant, by KATE HEMMERICH, Her Guardian ad Litem, Appellant, *v.* UNION DIME SAVINGS INSTITUTION, Respondent.

Savings bank deposits — deposit of depositor's money in his own name as trustee for another — legal effect of such deposit.

1. A deposit by a person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes

the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor. Where a person named as beneficiary in such a trust alleges that the trust has been revoked and that a complete and unconditional gift has been make to her of the deposit, her contention should ' be established by clear, convincing and satisfactory evidence.

2. A father deposited money in a savings bank in his name "in trust" for his daughter; evidence was given, among other things, of his statements at and about the time of the deposit, and that he thereafter abandoned his family and drew all the money from the bank that was deposited in his own name. *Held*, that the testimony would not sustain a finding that the trust was revoked and surrendered or that there was a gift free from the trust.

3. *It seems*, that in such case an action in equity may be resorted to to determine whether an irrevocable trust has been created and if so the terms of such trust and whether the facts authorize its enforcement.

*Hemmerich* v. *Union Dime Savings Inst.*, 144 App. Div. 413, affirmed.

(Argued April 12, 1912; decided April 30, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 12, 1911, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Harry A. Gordon* and *Oscar Englander* for appellant. The tentative trust originally created was transformed into a gift by the delivery of the pass book and declarations made at the time. (*Matter of Totten*, 179 N. Y. 112; *Matter of Davis*, 119 App. Div. 35; *O'Brien* v. *W. Savings Bank*, 101 App. Div. 108; *Farleigh* v. *Cadman*,

159 N. Y. 170; *Whitfield* v. *G. S. Bank*, 4 Law Bul. 69; *Devoe* v. *Lutz*, 133 App. Div. 356.)

*C. N. Bovee* for respondent. The deposit in the name of the father in trust for the child being established and irrevocable, the fund is held by the bank in the name of such trustee as custodian of the fund. (*Matter of Totten*, 179 N. Y. 112; *Matter of Crawford*, 113 N. Y. 560; *Boone* v. *C. S. Bank*, 84 N. Y. 83.)

CHASE, J. This is an action at law by Anna Hemmerich, an infant, to recover a deposit of $1,000 and interest held by the defendant and made in its bank by William Hemmerich. The deposit was made in the name of "William Hemmerich in trust for Anna Hemmerich," and the usual pass book was taken therefor by him in that name. It appears from the evidence produced in behalf of the plaintiff that William Hemmerich at and prior to the time of making such deposit was employed as a cook and lived with his wife and two children, Anna the plaintiff, then aged ten years, and Margaret, then aged seven years, in a tenement house in the city of New York. In the early part of the year 1907 he received, by inheritance from his mother, $10,000 from Germany. On the morning of March 7, 1907, he told his wife that he was going to the Union Dime Savings Institution and put $1,000 in trust for each of the children. He said: "He was the trustee, and he was to be the trustee." His wife testified that when he returned on the same day "He handed the books to the children, and they gave them to me. He was present when they gave them to me. I was in the habit of keeping things for safety, in a bureau drawer, locked. That had been my custom for some time and my husband knew of that place, and he would sometimes give me things of his own to put in that drawer; that was the place where I and my husband kept anything that was valuable."

The plaintiff, referring to the time when her father returned on March 7, 1907, testified as follows: "My father said, here is a present of a thousand dollars each; I deposited the money in the bank for you, and here is your bank book. He at the time handed me this book. At the time that he handed me the book he handed my sister Margaret her book. I gave my book to mamma. I said, mamma, here, keep it for me."

Within about a month thereafter William abandoned his family and they have not seen him since. At the time he deposited the $1,000 in trust for Anna, he deposited $1,000 in the same bank in the name of "William Hemmerich, in trust for Margaret Hemmerich," and also $2,000 in his individual name. Although his family have not seen him since he left them in April, 1907, the $2,000 deposited in the defendant bank in his own name was thereafter withdrawn from the bank by him from time to time, the last draft therefrom, closing the account, being July 18, 1907. The plaintiff insists that the evidence establishes a revocation of the trust and a complete and unconditional gift to her of the deposit. Such a gift of an indebtedness represented by such an account should be established by clear, convincing and satisfactory evidence.

The deposit was made in the form in which it appears, deliberately and in accordance with the depositor's express intention. His alleged statement to his children when he returned from the bank with the bank books was: "I deposited the money in the bank for you." The words used by him under the circumstances disclosed simply mean that he had made a deposit in trust for each of them. The testimony, including the surrounding circumstances, would not sustain a finding that the trust was revoked and surrendered or that there was a gift free from the trust. The intention of depositors making deposits in savings banks, in the form of trusts for others, and the

24

purpose of the trusts when they are established, are frequently open to controversy. A gift in the form of a trust always involves the intention of the donor. There arises, *first*, the question whether the trust is tentative or irrevocable, and if it is found to be irrevocable, there follows the further question as to the terms of the trust. The intention of the donor being the controlling factor, it is difficult to make general rules as a guide in the consideration of such trusts. In such cases the only writing generally existing showing the trust is found in the few words connected with the name of the depositor on the pass book. It is the failure by depositors to express their intention in writing that makes the disputes so common. Some general rules relating to such deposits have been found to be practical. This court, in *Matter of Totten* (179 N. Y. 112), after discussing at some length the question of savings bank deposits by a testatrix whose estate was under consideration, say: "After much reflection upon the subject, guided by the principles established by our former decisions, we announce the following as our conclusion: A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor." (p. 125.)

We purposely refrain from making, in this opinion, further general statements relating to the rights of parties interested in savings bank trust deposits. The rights of trustee and beneficiary in this case can be best determined after a full opportunity for each to be heard.

The facts presented by the plaintiff in this action, and such other facts and circumstances as can be produced by her may be sufficient to sustain an action in equity against the trustee and the defendant, to determine whether an irrevocable trust has been created, and if so the terms of such trust, and if the facts established in the action authorize it, the enforcement of the trust.

The complaint was properly dismissed and the judgment should be affirmed, with costs.

GRAY, HISCOCK and COLLIN, JJ., concur; CULLEN, Ch. J., and WERNER, J., concur in result; WILLARD BARTLETT, J., absent.

Judgment affirmed.