MARGARET MATTHEWS, Respondent, *v.* THE BROOKLYN SAVINGS BANK, Defendant, and CATHERINE MCKENNA, Individually and as Executrix of and Trustee under the Will of MARY KELLY, Deceased, Appellant.

Savings bank deposits — when deposit in name of one person in trust for another constitutes a revocable trust.

Where a deposit made by Mary Kelly was evidenced by the entry in the pass book "The Brooklyn Savings Bank in account with Mary Kelly in trust for Margaret Matthews," it constituted a tentative and revocable trust and was revoked by the act of the trustee in withdrawing the money and depositing it to another account.

*Matthews* v. *Brooklyn Savings Bank,* 151 App. Div. 527, reversed.

(Argued May 8, 1913; decided June 3, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 14, 1912, reversing a judgment in favor of defendant entered upon a decision of the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lewis C. Grover* and *James W. Redmond* for appellant. Whether a deposit in a savings bank by one in trust for another operates as a gift to the beneficiary, is a question of fact and must be decided upon the facts in each individual case. The intention of the donor is the controlling factor, and the gift should be established by "clear, convincing and satisfactory evidence." (*Beaver* v. *Beaver,* 117 N. Y. 421; *Matter of Totten,* 179 N. Y. 112; *Hemmerich* v. *Union Dime Savings Inst.,* 205 N. Y. 366.) The circumstances in this case show an intent on the part of the depositor to create only a tentative trust. (*Matter of Totten,* 179 N. Y. 112; *Hessen* v. *McKinley,* 155 App. Div. 496.) The circumstances should

show beyond a reasonable doubt that the depositor's intention was to make a gift. (*Matter of Totten,* 179 N. Y. 125; *Beaver* v. *Beaver,* 117 N. Y. 421.) The withdrawals by the depositor of the funds in the account were acts of disaffirmance of the tentative trust. (*Tierney* v. *Fitzpatrick,* 122 App. Div. 623; *Hessen* v. *McKinley,* 155 App. Div. 496.)

*Charles Harwood* for respondent. The opening of the savings bank account in trust by Mary Kelly in favor of Margaret Matthews, coupled with notice thereof to Margaret Matthews, created an irrevocable trust in favor of said Margaret Matthews which arose at the time Margaret Matthews received such notice. (*Martin* v. *Funk,* 75 N. Y. 134; *Willis* v. *Smith,* 91 N. Y. 297; *Mabie* v. *Bailey,* 95 N. Y. 206; *Beaver* v. *Beaver,* 117 N. Y. 421; *Cunningham* v. *Davenport,* 147 N. Y. 43; *Fowler* v. *Bowery Savings Bank,* 113 N. Y. 450; *Schluter* v. *Bowery Savings Bank,* 117 N. Y. 135; *Farleigh* v. *Cadman,* 159 N. Y. 169; *Matter of Totten,* 179 N. Y. 112.) After notice to Margaret Matthews the trust was then and there irrevocably established, and no subsequent acts or withdrawals from the trust fund by Mary Kelly could revoke, disaffirm or alter the character of the trust. (*Farleigh* v. *Cadman,* 159 N. Y. 169; *Williams* v. *B. Savings Bank,* 51 App. Div. 332; *Matter of Totten,* 179 N. Y. 112; *Thomas* v. *Newburgh Savings Bank,* 73 Misc. Rep. 308; 144 App. Div. 937; *Kelly* v. *Beers,* 194 N. Y. 49; *Tierney* v. *Fitzpatrick,* 195 N. Y. 433.)

COLLIN, J. The action is to procure the adjudication that certain moneys deposited by Mary Kelly, now deceased, in The Brooklyn Savings Bank, in trust for the respondent, and not withdrawn, are owned by the respondent. The appellant asserting that they belonged to Mary Kelly at the time of her death claims them by virtue of her will.

The following facts were found by the Special Term: On July 26, 1904, Mary Kelly deposited in the savings bank $2,839.00 belonging to herself, and received from it a pass book in which the deposit was evidenced by the writing: " The Brooklyn Savings Bank in account with Mary Kelly in trust for Margaret Matthews (cousin)," and the statement of the sum as a deposit. The respondent accompanied Mary Kelly to the bank on that occasion, and was present there with her while the deposit was being made and the account entered. Mary Kelly on that day delivered the pass book to the respondent for safekeeping, and the respondent then read it and knew that the deposit and account was entered as therein stated. The respondent retained possession of the pass book until about May 2, 1905, when it was redelivered to Mary Kelly, who thereafter retained possession of it until the account evidenced by it was closed. Mary Kelly, at various times beginning with August 13, 1907, down to April 23, 1910, withdrew moneys from the account, and on April 23, 1910, withdrew the whole of the balance thereof, to wit, seventeen hundred and forty-four and thirty one-hundredths dollars, and deposited it in another account which she had with the bank, and this sum (less a small amount withdrawn by consent of all the parties) remains in the bank and is the subject of this action. The conclusions of law were, in substance, a gift was not made to the respondent, but a tentative trust was created, revocable at the will of Mary Kelly, who did revoke it by the withdrawals and redeposit, and the moneys were a part of her estate. The facts found support the conclusions of law and the judgment rendered upon them.

The deposit was in form a tentative and revocable trust. The acts of the depositor which are or can be invoked by the respondent as making it irrevocable or a completed gift, as a matter of law, are, stated generally and yet accurately, permitting the respondent to know of the deposit and its nature, and delivering the pass book to her

for safekeeping.    Those acts considered separately or jointly do not conclusively establish either the one or the other.    (*Hemmerich* v. *Union Dime Savings Inst.*, 205 N. Y. 366; *Matter of Totten*, 179 N. Y. 112.)    The intention of the depositor and whether or not it was effectuated were questions determinable by the Special Term, from those acts and the other facts found.

The order of the Appellate Division should be reversed and the judgment of the Special Term reinstated, with costs to appellant in both courts.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK, CHASE and HOGAN, JJ., concur.

Order reversed, etc.