1. TRUSTS (§ 59\*)—CONSTRUCTION—RIGHT TO REVOKE.
    Where decedent deposited money in savings banks in his own name as trustee for his wife, and handed to his wife passbooks showing such fact, which books were subsequently kept at their home, but at no time declared that he was making a gift to her, the trust was revocable until his death.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 78–81; Dec. Dig. § 59.\*]

2. GIFTS (§ 18\*)—INTER VIVOS—VALIDITY—"GIFT INTER VIVOS." .
    It is essential to a valid "gift inter vivos" that there be a delivery to the donee of the thing constituting the gift, with an intention by the donor to transfer the right of ownership in and dominion over such thing.
    [Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 29–33; Dec. Dig. § 18.\*
    For other definitions, see Words and Phrases, vol. 4, pp. 3091–3093; vol. 8, p. 7671.]

3. TAXATION (§ 879\*)—TRANSFER TAX—PROPERTY SUBJECT.
    Money deposited by decedent in trust for his wife was subject to a transfer tax, where the trust was not irrevocable until his death and the property passed to her as a gift intended to take effect at or after death.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.\*]

In the matter of the estate of James Halligan, deceased.  From an order entered upon the report of a transfer tax appraiser fixing the tax, the executrix appeals.  Affirmed.

Thomas E. Rush, of New York City (George Thoms, of New York City, of counsel, and Theodore du Moulin, of New York City, on the brief), for state comptroller.

Steele, De Friese & Steele, of New York City (Godfrey Goldmark, of New York City, of counsel), for Elizabeth A. Halligan.

COHALAN, S.  The decedent died on the 9th day of September, 1912, a resident of this state.  At various times prior to the date of his death he opened accounts with savings banks in this city, the caption of each account being "James Halligan, in trust for Elizabeth A. Halligan."  The transfer tax appraiser found that the entire amount remaining on deposit with these banks at the date of decedent's death was the sum of $27,517.  He included this amount in the taxable assets of decedent's estate.  From the order entered upon his report the executrix has taken this appeal.

[1] Elizabeth A. Halligan, the executrix herein, was the wife of the decedent.  She claims that the $27,517 deposited in the name of the decedent in trust for her was her individual property, having been given to her by the decedent as a gift inter vivos.  The affidavits submitted to the appraiser on behalf of the estate allege that the decedent consulted with his wife before opening the accounts in the various savings banks, and that in some instances she went with him to the banks at the time the accounts were opened; that the decedent handed

over to her the savings bank books showing the deposits made in the banks, and that she had possession of these books "at our place of residence" at the time of decedent's death.

[2] In order to constitute a valid gift inter vivos there must be a delivery to the donee of the thing constituting the gift, coupled with an intention on the part of the donor to transfer to the donee the right of ownership in and dominion over the property. Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531; Gannon v. McGuire, 160 N. Y. 476, 55 N. E. 7, 73 Am. St. Rep. 694; Hemmerich v. Union Dime Sav. Inst., 205 N. Y. 366, 98 N. E. 499. It is conceded that all the money deposited by the decedent as trustee for his wife belonged to him. The affidavits submitted to the appraiser on behalf of the estate do not allege that the decedent told his wife at the time he made the deposits that he was giving the money to her, nor do they allege that he said anything about a gift when he gave her the bank books. There is no allegation that the decedent gave the money deposited in the various banks as a gift to his wife. The circumstances surrounding the deposit and the possession of the books by the decedent's wife are entirely consistent with the assumption that the deposit was made in the name of decedent in trust for his wife as a matter of convenience, and that the books were given to her for the purpose of safe-keeping. Matter of Bolin, 136 N. Y. 177, 32 N. E. 626; Kelly v. Beers, 194 N. Y. 49, 86 N. E. 980, 128 Am. St. Rep. 543. As the court said in the Matter of Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711, 1 Ann. Cas. 900:

"A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as the delivery of the passbook or notice to the beneficiary."

But delivery of the passbook will not in itself make the trust irrevocable; there must be words of gift or a declaration that the depositor is thereby giving to the cestui que trust the money to the credit of the depositor in the bank which issued the passbook. Matthews v. Brooklyn Savings Bank, 208 N. Y. 508, 102 N. E. 520.

[3] As the decedent did not make a valid gift inter vivos of the money deposited in trust for his wife, and the trust was not irrevocable until the death of the decedent, the property passed to her as a gift intended to take effect at or after death, and is therefore, subject to a tax. Matter of Kline, 65 Misc. Rep. 446, 121 N. Y. Supp. 1090; Matter of Von Bernuth, 143 N. Y. Supp. 672.

Order fixing tax affirmed.