## In re PALM'S ESTATE.

### (Surrogate's Court, New York County. July 29, 1914.)

TAXATION (§ 864\*)—TRANSFER TAXES—PROPERTY SUBJECT TO—GIFTS TAKING EFFECT AFTER DEATH.

A deposit in a savings bank, in the name of a depositor for or in trust for a third person named, unaccompanied by any proof that the depositor gave the third person the bank book, or that he used any words of gift when speaking about the deposit, or any declaration that he was giving the third person the amount on deposit, is not a gift inter vivos, but creates a revocable trust during the life of the depositor, and the deposit on his death passes to the third person as a gift intended to take effect at or after depositor's death, and is subject to a transfer tax under the Transfer Tax Law (Consol. Laws, c. 60, §§ 220–245).

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1679; Dec. Dig. § 864.\*]

Proceedings for the assessment of a transfer tax on the interest of Mary Freischlader, a legatee under the will of Mathias J. Palm, deceased. Transfer tax imposed.

Benjamin E. Messler, of New York City, for legatee.

Edward P. Orrell, Jr., of New York City, for executor.

Thomas E. Rush, of New York City (Thomas A. S. Beattie, of New York City, of counsel), for State Comptroller.

FOWLER, S. This is an appeal by Mary Freischlader, a legatee under the will of the decedent, from an order assessing a transfer tax upon her interest in his estate.

The decedent, who was a resident of New York, died on the 16th day of August, 1913. About four years prior to his death he opened an account in the Excelsior Savings Bank in the following form: "Mathias J. Palm, in trust for Mary Freischlader"—and deposited to the credit of the account the sum of $3,000. All the money so deposited belonged to him. About three years before his death he opened an account in the Metropolitan Savings Bank, and deposited therein about $3,000 of his own money. The account was entitled: "Mathias J. Palm, in Trust for Mary Freischlader." The transfer tax appraiser reported that the amounts to the credit of these accounts at the date of decedent's death were subject to taxation under the provisions of the Transfer Tax Law.

Mary Freischlader testified before the appraiser that at the time each of the accounts was opened the decedent said to her, "You are looked out for;" that he put the bank books in a box with his other papers and that he told her that she "knew where they were if anything should happen." She also testified: "I had the book in my hand." She failed to allege or prove, however, that he gave her the bank books, or that he used any words of gift when speaking to her

about the deposits, or made any declaration that he was thereby giving her the amounts on deposit in the banks. Her testimony shows that during his life the bank books were kept in the box into which he put them after making the deposits, and in which he kept his other books and papers. She did not draw any money out of the banks during his life, nor did she exercise any control or dominion over the deposits.

She also testified that he opened an account in the Harlem Savings Bank in their joint names, and that she retained that bank book in her possession, "because it belonged to me." This indicates that she realized that the money on deposit in the other banks did not belong to her while the decedent lived. The decedent, therefore, did not make a valid gift inter vivos of the money deposited with the Excelsior Savings Bank and the Metropolitan Savings Bank to Mary Freischlader. Matter of Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711, 1 Ann. Cas. 900; Matthews v. B'klyn Sav. Bank, 208 N. Y. 508, 102 N. E. 520. As the trusts were revocable during the life of the decedent, the money passed to Mary Freischlader upon his death as a gift intended to take effect at or after his death, and is therefore subject to a transfer tax. Matter of Barbey (Sur.) 114 N. Y. Supp. 725; Matter of Halligan, 82 Misc. Rep. 30, 143 N. Y. Supp. 676.