TAXATION ⬤═879—TRUSTS ⬤═59—DEPOSIT IN SAVINGS BANK—IRREVOCABLE TRUST—TRANSFER TAX.

A deposit made by decedent of her own money in a savings bank in her own name in trust for a niece constituted an irrevocable trust not subject to a transfer tax, where decedent delivered to her niece her bank book, which remained in the niece's possession continually until decedent's death, and there were no withdrawals or additions to the deposit.

[Ed. Note.—For other cases. see Taxation, Cent. Dig. § 1702; Dec. Dig. ⬤═879; Trusts, Cent. Dig. §§ 78–81; Dec. Dig. ⬤═59.]

In the matter of the appraisal under the Transfer Tax Act of the property of Maria Sophia Rudolph, deceased. From an order imposing a transfer tax, the executrix appeals. Order modified.

Furst & Furst, of Brooklyn (Arnold S. Furst, of Brooklyn, of counsel), for appellant.
Marcus B. Campbell, of Brooklyn, for respondent.

KETCHAM, S. The executrix appeals from the imposition of a transfer tax upon a transfer to her personally of a savings bank deposit. The sole question is whether in the lifetime of the decedent she created an irrevocable trust in the deposit for the benefit of the appellant.

The fund in question was deposited in a bank account in the name of the decedent in trust for the appellant, at a time not stated. The money deposited must be assumed to have belonged to the decedent at the time of the deposit. The book representing the account, and containing the statement that the same was in the name of the decedent in trust for the appellant, was delivered by the decedent to the appellant at a time not stated. The book then remained in the appellant's possession continuously until the decedent's death. Since the delivery no sums were withdrawn from the account and none were deposited to its credit.

The decedent was the aunt of the appellant. While it was stated at the argument, without dissent, that at the time of the delivery of the bank book the decedent and the appellant were living in separate places in the same city, no proof as to their residence appears. Under these circumstances, the finding must be that the delivery of the bank book imposed upon the deposit the character of an irrevocable trust.

Such was the conclusion of the Appellate Division of this department, in Matter of Davis, 119 App. Div. 35, 103 N. Y. Supp. 946, upon facts which were at least no more expressive of an intention by the depositor to create an absolute trust than are the facts at bar. There the wife made deposits in her name in trust for her husband named. The husband died before the wife and before the revocation of the trust, and the books representing the deposits were then found in the beneficiary's safe deposit vault. There was no evidence tending to

show the intention of the depositor other than the circumstances stated supra.

Quoting the opinion in the Totten Case, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711, 1 Ann. Cas. 900, to the effect that the trust remains revocable "until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the passbook or notice to the beneficiary," Mr. Justice Hooker, for the court, says:

"Standing alone, the mere deposit of her money in her name, as trustee for him, did not establish, under the rule in the Totten Case, an irrevocable trust; but the finding of the passbook in the safe deposit vault of the beneficiary necessarily implies that there was notice by the depositor of the trust to the beneficiary. Inasmuch as notice to the beneficiary is one of the examples of an unequivocal act or declaration by which the depositor completes the gift, used by the Court of Appeals to illustrate the rule, we must hold that the notice to William H. Davis (the beneficiary), completed his wife's gift to him and rendered the trust irrevocable."

Obviously it was considered by Mr. Justice Hooker that the delivery of the passbook was not only the "delivery" which the Court of Appeals, in the Totten Case, instanced as one of the "unequivocal acts" by which the gift could be completed, but that delivery, if it were made to the beneficiary personally, would also embrace and constitute the "notice" which the Court of Appeals contemplated as the "declaration" by which the completion of the gift might be made to appear.

In Stockert v. Dry Dock Savings Institution, 155 App. Div. 123, 139 N. Y. Supp. 986, the depositor took a passbook from a savings bank in her name in trust for her niece named, and delivered the same to the beneficiary at the time of the deposit. Mr. Justice Scott, writing for the Appellate Division of the First Department, says:

"The only evidence as to the intention of the depositor at the time the deposit was made is that she at once gave the bank book to plaintiff. That evidence, standing alone and unqualified, fixed the character of the trust as an irrevocable one under the rule in the Totten Case."

The case last cited is controlling, unless the conclusion which follows from a delivery by the depositor at the time of deposit is to be held to be different from the conclusion to be derived from a delivery made at some time not known or at a time after the deposit. Whether delivery be made at the time of the deposit, or later, the trust in each case is capable equally of revocation or execution at the moment of delivery, and the act which in one instance would change a tentative purpose to a fixed purpose would apparently have the same effect in the other instance. If the case at bar be regarded as one where the time of delivery is unknown, it is in precise parallel with the facts of the Davis Case, supra, where all that was known of the delivery was that the subject thereof was found in the possession of the beneficiary at the time of his death.

In Matter of Farrell, N. Y. L. J., Jan. 13, 1912, also reported in Christie on Inheritance Taxation, p. 797, the delivery of the bank books was made some years after the deposits, and the report of the

case does not disclose any evidence other than the fact of delivery tending to show the intention of the act. Mr. Surrogate Fowler says:

"The deposit by the decedent of his own money in trust for his children constituted a revocable trust until some unequivocal act on his part showed that he desired the gift to become absolute. The unequivocal act was the delivery of the bank books to the cestuis que trustent"—citing Matter of Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711, 1 Ann. Cas. 900.

In Matter of Reed, 89 Misc. Rep. 632, 154 N. Y. Supp. 247, Mr. Surrogate Ostrander, in determining whether transfer tax was to be imposed, says:

"The deposit made in trust for Fred S. Clute by the deceased seems to fall within the rule of Matter of Totten, 179 N. Y. 112 [71 N. E. 748, 70 L. R. A. 711, 1 Ann. Cas. 900], Matter of Pierce, 132 App. Div. 469 [116 N. Y. Supp. 816], Stockert v. Dry Dock Saving Institution, 155 App. Div. 123 [139 N. Y. Supp. 986], and Hessen v. McKinley, 155 App. Div. 496 [140 N. Y. Supp. 721], where it was held that when notice of the trust form of the deposit was given to the beneficiary the trust became irrevocable. The transaction amounted to a gift inter vivos, the title passed at the time, and the deposit was not taxable."

While the record of the case last cited does not disclose the nature of the notice which was given of the form of the deposit, there can be no conceivable notice of the trust form of a deposit stronger than that which is contained in the delivery to the beneficiary of the book which is itself the express form of the deposit.

These cases have been treated in detail, for they seem to be out of line with Matter of Halligan, 82 Misc. Rep. 30, 143 N. Y. Supp. 676, with which authority the court would be loath to disagree, except upon studious consideration of appellate decisions to the contrary.

The appeal is sustained, and the order must be modified accordingly. Order modified.