Schultz, S.
These are appeals from an order entered upon the report of an appraiser in a transfer tax proceeding. The comptroller appeals therefrom on the ground that it fails to include therein the tax imposed by section 221-b of the Tax Law (Laws of 1909, chap. 62; constituting Consol. Laws, chap. LX, as amd. by Laws of 1917, chap. 700) on certain bonds secured by mortgages on real estate. The appeal of the executor is based on an error claimed to have been made in the report and in the order in respectively assessing and fixing the tax upon an alleged transfer of moneys evidenced by two bank accounts, which moneys he urges did not pass upon the death of the decedent.
The property which the comptroller contends should *63 have' been subject to the tax provided by section 221-b consists of mortgages on real property located in the state of New York which do not form part of a series. Section 221-b, supra, so far as material, provides: “Additional tax on investments in certain cases.—Upon every transfer of an investment, as defined in article fifteen of this chapter, taxable under this article, a tax is hereby imposed, in addition to the tax imposed by section two hundred and twenty-one-a, of five per centum of the appraised inventory value of such investment * * *.”
And section 330 of article XV of the chapter referred to, which is the section containing definitions, provides: “Definitions. The word ‘investments,’ as used in this article, shall include: Any bond, * * * forming part of a series of similar bonds, * * * which are either secured by a * * * mortgage * * * of real or personal property, or both, * * * excepting * * * such bonds, * * * which are secured by a mortgage recorded in the state of New York on real property situated wholly within the state of New York; * *
I have heretofore held (Matter of Austin, 109 Misc. Rep. 584) that the words “ shall include,” as used in section 330 aforesaid, are words of limitation and are followed by words defining the term “ investment ” as used in article XV, supra. I understand that there is no dispute about the fact that the bonds referred to are not part of a series and are secured by mortgages recorded in this state on real property situated wholly within this state. This being so, they do not come within the definition of the word “ investment ” as used in article XV and hence are not subject to a tax of five per cent as provided by section 221-b. The order appealed from will, therefore, be affirmed in that respect.
*64 The accounts involved in the appeal of the executor are with a savings bank and in form as follows: “Abbie E. Wille, in trust for Charles E. Wille,” assessed at $1,250.48; “Abbie E. Wille, in trust for Alfred E. Wille,” assessed at $1,326.58.
It is well settled that the form of these accounts standing alone did not establish irrevocable trusts during the lifetime of the decedent. They were tentative trusts merely, revocable at will until the depositor died or completed the gift in her lifetime by some unequivocal act or declaration such as the delivery of the pass-book or notice to the beneficiaries. Matter of Totten, 179 N. Y. 112. See, also, Hemmerich v. Union Dime Savings Inst., 205 N. Y. 366; Matthews v. Brooklyn Savings Bank, 208 id. 508; Stockert v. Dry Dock Savings Institution, 155 App. Div. 123, 127; Matter of Davis, 119 id. 35. It therefore becomes necessary to review the evidence in order to ascertain if there was some “ unequivocal act or declaration ” by the decedent sufficient to warrant the conclusion that the gifts were completed during the decedent’s lifetime. The only evidence offered in the matter was the testimony of the husband of the decedent who says that during the infancy of their sons he made the original deposits in the accounts for his wife who was more or less of an invalid; that a great portion of the deposits consists of earnings by the sons and gifts to them by their mother and himself outright, which were deposited by them for their own individual use, and that the present balances do not consist of moneys given by the decedent to her sons. He further says that sometimes the boys made the deposits themselves and that when they did this the bank-books were delivered to them by their mother, the decedent, and that it was considered that the moneys were put aside as a sort of fund for them in case they got married *65 and wanted a certain sum to start housekeeping with. It appears also that the decedent had a third son and that a similar deposit was made for him which he withdrew with the consent of his parents when he married. There is no evidence that any moneys were ever drawn by the decedent or any one else from the accounts now under consideration. The testimony does not seem to disclose in whose physical possession the bank-books were when the decedent died, although it is intimated that they were in the possession of the husband of the decedent.
It thus appears without contradiction that the passbooks had been delivered by the decedent to her sons, that they had notice of the deposits, and that they had actually deposited their own earnings in the same accounts.
Under the authority of the cases that I have cited, this evidence is sufficient to warrant the conclusion which I reach that the tentative revocable trusts which the forms of these deposits established became irrevocable. The gifts to the sons, therefore, were completed during the life of the decedent, the deposits in question were not subject to a transfer tax (Matter of Pierce, 132 App. Div. 465; Matter of Rudolph, 92 Misc. Rep. 347; Matter of Brennan, Id. 423) and the order assessing a tax thereon was erroneous in that respect.
As I have the power to determine the cash value and the amount of tax without appointing an appraiser (Tax Law, supra, § 231), and this has been construed to give me the same authority after an order appointing an appraiser has been made (Matter of Cameron, 97 App. Div. 436; affd., 181 N. Y. 560; Matter of Willets, 119 App. Div. 119; affd., 190 N. Y. 527); and as in this matter it is merely a matter of calculation, I will not refer his report back to the appraiser but dispose of the matter myself. The order appealed from *66 will be modified by reducing the cash value of the taxable interest passing to Alfred R. Wille by the sum of $1,326.58 and the tax assessed thereon by the sum of $13.26 and also by reducing the cash value of the taxable interest passing to Charles E. Wille by the sum of $1,250.48 and the tax assessed thereon by the sum of $12.50 and as thus modified the order will be affirmed.
Order modified and affirmed.