EVA K. DAVLIN, Respondent, *v.* TITLE GUARANTEE AND TRUST
COMPANY, as Executor, etc., of EVA S. WARDEN, Deceased,
Appellant.

First Department, May 2, 1930.

*Harry R. Berlinicke*, for the appellant.

*Ira J. Schuster* of counsel [*Maurice R. Cheyette*, attorney], for the respondent.

SHERMAN, J.   Plaintiff has judgment awarding her the possession of two savings bank books or in the alternative their value.   In 1898 both accounts were opened by plaintiff in her name " in trust for Eva S. Warden," defendant's testatrix.   Plaintiff was the foster daughter of decedent and deposited in those accounts funds which she asserts belonged to her, being, as she testified, gifts and earnings previously received from Mrs. Warden.   Mrs. Warden died in 1928.   Both bank books were found in her safe deposit box and thus came into the possession of her executor.   No deposits were made nor interest credits noted in either bank account since 1910.   No evidence was introduced showing when or under what circumstances the bank books passed from the trustee to the beneficiary.

. The presumption is that the decedent's possession was lawful, which means that plaintiff delivered the books to her and that she accepted them.   Thus the tentative trust became irrevocable and the gift complete.   To defeat this conclusion, plaintiff was required to show a contrary state of facts.   Without such evidence, the court may not assume or find that they were handed to her for any other purpose or upon any condition whatsoever.

The delivery accordingly must have been to complete decedent's ownership of funds previously deposited for her benefit and theretofore only tentatively to be enjoyed by her.   If this were not so, the trustee, we may be sure, would have kept possession of the books which carried control of the funds.   The tentative trust under which plaintiff had held the bank books ceased when the trustee voluntarily divested herself of them and gave them to the beneficiary.

This clearly follows from the decision in *Matter of Totten* (179 N. Y. 112), for here the gift was completed by the " unequivocal act " there mentioned, being the " delivery of the pass book." Thus the tentative trust ceased (*Matter of Totten, supra*) and the gift to the one for whose benefit the trust had been created was perfected, much the same as if the moneys themselves had been delivered to her.

In *Matter of Davis* (119 App. Div. 35, cited with approval by this court in *Hemmerich* v. *Union Dime Savings Inst.*, 144 id. 413, 416, and in *Stockert* v. *Dry Dock Savings Inst.*, 155 id. 123, 127) a like conclusion was reached upon parallel facts.

Respondent's argument seemingly rests upon the claim that even

though the proof showed that plaintiff had given her mother the bank books, defendant had to prove by additional evidence some further fact before the gift became effective and an irrevocable trust came into being. In *Stockert* v. *Dry Dock Savings Inst.* (*supra*), SCOTT, J., speaking for this court, said (p. 128): "The only evidence as to the intention of the depositor at the time the deposit was made is that she at once gave the bank book to plaintiff. That evidence, standing alone and unqualified, fixed the character of the trust as an irrevocable one under the rule in the *Totten* case."

A delivery at a later time would bring about the same result. Cases such as *Hemmerich* v. *Union Dime Savings Inst.* (205 N. Y. 366) and *Matthews* v. *Brooklyn Savings Bank* (208 id. 508) arose between the beneficiary and the bank, not, as here, between the trustee and beneficiary. Those decisions dealt solely with the right of the bank to resist a demand for payment. In the *Matthews* case the trust had been revoked by the trustee's prior withdrawal of the funds. In the *Hemmerich* case the court reiterated the views expressed in the *Totten* case (p. 370), holding that "The rights of trustee and beneficiary * * * can be best determined after a full opportunity for each to be heard." There only one of them was before the court.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MERRELL and McAVOY, JJ., concur; DOWLING, P. J., and O'MALLEY, J., dissent.

O'MALLEY, J. (dissenting). This is an action *at law* in replevin to determine the right to possession of two savings bank books. In December, 1898, the plaintiff opened an account in the Seamen's Bank for Savings, in form "Eva K. Warden in trust for Eva S. Warden." In January, 1899, she opened an account in the Bowery Savings Bank, in form "Eva K. Warden in trust for Eva S. Warden, mother." The beneficiary in each case, Eva S. Warden, was defendant's testatrix. Both accounts have evidently been dormant since July, 1910. This action was instituted after the death of the beneficiary.

While the testimony is merely to the effect that these bank books were found after the beneficiary's death in a safe deposit box, it is apparently conceded that such box was that of the beneficiary. The evidence shows that when the accounts were opened the plaintiff was living with the beneficiary who had evidently reared the plaintiff as her own daughter; that the money deposited in these accounts was that of the plaintiff and represented gifts made by the deceased beneficiary and salaries paid by her to the

plaintiff for services rendered; that the beneficiary at all times in question was in comfortable circumstances, living on her income and maintaining a boarding house. No evidence as to the length of time of possession, nor as to the manner in which the books had come into the possession of the beneficiary, was presented.

We are of the opinion that as the trier of the facts, the learned trial justice was warranted in finding that the right of possession to these bank books was in this plaintiff depositor. The general rule applying to deposits in this form was enunciated in *Matter of Totten* (179 N. Y. 112, 125, 126). It was there stated: " A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. *It is a tentative trust merely, revocable at will, until the depositor* dies or *completes the gift in his lifetime by some unequivocal act or declaration,* such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor." (Italics ours.)

Even in a case where a depositor dies before the beneficiary without revocation or some decisive act or declaration of disaffirmance, the presumption of absolute trust so arising is not conclusive but rebuttable. (*Morris* v. *Sheehan,* 234 N. Y. 366, 368.)

In the case before us, however, the depositor is still living. It is the beneficiary who has died and whose representative claims the right to possession of the bank books. The defendant's right to possession, therefore, in view of plaintiff's disaffirmance of the tentative trust in her lifetime, must rest upon proof of a valid gift *inter vivos.* " Such a gift of an indebtedness represented by such an account should be established by clear, convincing and satisfactory evidence." (*Hemmerich* v. *Union Dime Savings Inst.,* 205 N. Y. 366, 369.) Neither the informing of the beneficiary of the deposit, nor the delivery of the pass book for safekeeping, whether considered separately or jointly, would conclusively establish an irrevocable trust or a completed gift as a matter of law. There would be presented a question of fact as to the intention of the depositor and whether the gift was effectuated, the issue to be determined from the acts of the depositor and other facts found. (*Matthews* v. *Brooklyn Savings Bank,* 208 N. Y. 508, 510, 511.)

As already noted, there is here no evidence as to when or under what circumstances, if at all, the bank books were delivered to the deceased beneficiary. Assuming that the proof shows custody or possession in the beneficiary by virtue of the finding of the bank

books in her safe deposit box, such proof does not necessarily require a finding to the effect that they had been delivered to her with the intent of making a gift *inter vivos*. " There were no words of gift and the receipt and holding of the pass book were consistent with a mere custody, or agency. The law never presumes a gift. To constitute a valid gift there must have been the intent to give and a delivery of the thing. The evidence must show that the donor intended to divest herself of the possession of her property and it should be inconsistent with any other intention or purpose." (*Matter of Bolin*, 136 N. Y. 177, 180.) Here, as in the case last cited, the possession of the bank books was consistent with mere custody for convenience or safekeeping.

An unprobated will of the deceased beneficiary, wherein she attempted to dispose of these two bank accounts as her property, was admitted by the court " for what it is worth," over the objection of the plaintiff. This unprobated will was worth nothing on the question of the title to these accounts. It was a self-serving declaration. (*Root* v. *Borst*, 142 N. Y. 62; *Lowery* v. *Erskine*, 113 id. 52, 60; *McKinnon* v. *Bliss*, 21 id. 206, 210, 211; *Griffin* v. *Train*, 90 App. Div. 16, 21; *Sumner* v. *Sumner*, 128 Misc. 404, 406; affd., 221 App. Div. 760.)

It follows, therefore, that the judgment appealed from should be affirmed, with costs.

DOWLING, P. J., concurs.

Judgment reversed, with costs, and complaint dismissed, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice. ▆▆▆▆▆▆▆