In the Matter of the Estate of SAM SLOBIANSKY, Deceased.

Surrogate's Court, New York County, February 13, 1934.

*Anna Post*, for the executor.

*Natanson, Rabin, Pack & Abrams* [*Carl Pack* and *Samuel L. Scholer* of counsel], for the petitioner.

FOLEY, S. This is a proceeding brought under the provisions of section 217 of the Surrogate's Court Act to compel the payment of the claim of the petitioner as a creditor of the estate. The decedent, Sam Slobiansky, was a grand uncle of Barnet Martinsky, the petitioner. On November 2, 1932, the former opened an account in the Citizens' Savings Bank in his name, " in trust for Barnet Martinsky," with an initial deposit of $5,000. It is undisputed that the decedent had withdrawn this amount from his individual account in the same bank. On January 5, 1933, the decedent withdrew the sum of $4,323.27 from the trust account and redeposited that amount in his individual account in the same savings bank. No other withdrawal was made at any time from the opening of the account until the death of the decedent and no

other deposits were made. Two items of interest were credited to the trust account. Upon the death of the decedent, the balance of the account, amounting to $725.88, was paid by the bank to the petitioner as beneficiary. No dispute has arisen as to that payment.

The question for determination is whether the withdrawal by the decedent of the sum of $4,323.27 on January 5, 1933, constituted a conversion of funds of the petitioner as beneficiary of the trust. The beneficiary asserts that, at the time of the opening of the account, the trust became irrevocable by reason of the declarations and conduct of the decedent and that on that date the beneficiary's title to the fund on deposit became absolute.

The application is denied. I find upon the evidence that the moneys remained in tentative trust during the lifetime of the decedent as his property and that no absolute gift of the fund was made by the decedent at the time of the opening of the account or at any subsequent time. The evidence also establishes that the decedent retained control of the moneys during his lifetime and that the withdrawal made by him was a withdrawal of his own funds. As the trier of the facts, with an opportunity of observing the witnesses, I have rejected the testimony of the two witnesses, Ruebin Skolnick and Nathan Shapiro. At most the testimony of the witness Skolnick, who claims to have accompanied the decedent and petitioner to the bank on the day when the trust account was opened, tends to prove that the bank book was delivered to the petitioner for safekeeping only. His testimony is that the decedent delivered the book to the petitioner and said to him: " Put it away for safekeeping and if anything happens to me I know you are well provided for." That statement does not establish an absolute transfer of title to all the moneys in the entire account. It falls far short of proving a valid gift of the bank account or an intent to divest the donor of all interest in the trust. (*Matthews* v. *Brooklyn Savings Bank*, 208 N. Y. 508.) A delivery of the book for *safekeeping*, only, is consistent with retention of title and control by the trustee-depositor. If the decedent actually used the words " If anything happens to me," they merely indicate a gift of the balance of the account, which would become effective at his death. In other words, no present, absolute or irrevocable transfer was made and the balance left in the fund, held in testator's trust, would become the property of the beneficiary at the death of the trustee-depositor. It has not been proved to my satisfaction by the testimony of these witnesses that the bank book was ever given to the petitioner. At the time of the withdrawal by the decedent on January 5, 1933,

he was an inmate of a charitable home. There is a suggestion, but not evidence to support it, that he might have obtained the book surreptitiously from the petitioner, but that would involve his leaving the home and obtaining the bank book from the petitioner's custody. There is no testimony to explain how the decedent obtained possession of the book. In the absence of evidence to the contrary, it is consistent to infer that his possession of the book was lawful and that the withdrawal was made by him of his own moneys.

Citation of authorities is unnecessary in such a situation where the real question is one of fact, but in the determination of the question the surrogate has considered the recent decisions bearing upon the nature of a savings bank account opened by one person, in trust for another, and the rules which apply to the determination of the rights of the respective parties in such an account. (*Matter of Totten*, 179 N. Y. 112; *Hanigan* v. *Wright*, 233 App. Div. 82; affd., 257 N. Y. 602; *Tibbitts* v. *Zink*, 231 App. Div. 339; *Davlin* v. *Title Guarantee & Trust Co.*, 229 id. 269; *Matthews* v. *Brooklyn Savings Bank*, 208 N. Y. 508; General Accounts and Trusts, by Surrogate SLATER, Brooklyn Law Review, vol. 1, No. 1, p. 27, Nov. 1932.)

Submit order on notice denying the application and dismissing the proceeding upon the merits.