In the Matter of the Estate of ELIZABETH BOWEN, Deceased.

Surrogate's Court, New York County, August 6, 1935.

*Robert Emmet Connolley*, for administrator of the goods, chattels and credits of Elizabeth Bowen, deceased, petitioner.

*Thomas M. Lynch*, for administrator of the goods, chattels and credits of Patrick J. Bowen, deceased, respondent.

DELEHANTY, S. The representative of the estate of the deceased seeks in this discovery proceeding to recover from the estate of Patrick J. Bowen the proceeds of a deposit made by Patrick J. Bowen in his lifetime " in trust for wife Elizabeth, 53 years." Deceased Patrick J. Bowen was for thirty years a member of the fire department of the city of New York attaining the rank of lieutenant

therein. The bank account in controversy had in it a balance in excess of $5,000 when Elizabeth Bowen died. There was a separate joint account, the ownership of which is not disputed. This was collected by Patrick J. Bowen as was the fund in the account now in controversy.

The testimony refers vaguely to the possibility that Elizabeth Bowen may have accumulated some money of her own out of her activities prior to her marriage with Patrick J. Bowen, but the whole record indicates that the funds were altogether those derived from the salary of Patrick J. Bowen in the fire department. The couple were childless and there is indicated in the record a normal family handling of funds with the bank books kept in the common household and available to both husband and wife. The difference in label on the accounts may well be due to the fact that the joint account had been opened in 1914 and by 1928 when the so-called trust account was opened had reached a point where no new deposits could be put in it. The character of the accounts permitted a simple transfer of the money to the wife had she survived her husband. In the event of such survival she would have been entitled to the funds in the joint account and under the terms of the Banking Law (§ 249) the tentative trust for her would have become fixed by the death of her husband without revocation of it. Conversely the form of the accounts permitted deceased Patrick J. Bowen to have complete control of his money if he survived his wife. In that case the joint account would pass to him and the trust would terminate because his wife predeceased him.

Elizabeth Bowen died in March, 1934. She contemplated entering a hospital for an abdominal operation in June, 1933. On June, 8, 1933, a safe deposit box was rented in her name and within a few days thereafter she underwent the operation. On June 26, 1933 she signed a power of attorney which gave full access to the box on the part of her husband Patrick J. Bowen. That state of affairs was not altered until her death. About two months after her death Patrick J. Bowen took over the box in his own name. He did not say to the safe deposit officials that his wife was then dead. The power of attorney given by her to him in respect of the box had of course terminated with her death. There is no proof whatever as to what was in the box at any time unless such proof is to be found in the testimony of a witness who is married to a niece of the deceased wife. This witness reports a conversation with Patrick J. Bowen on the night of the day when Elizabeth Bowen was operated on in the hospital. The witness quotes Patrick J. Bowen as saying that he was very worried, that hospital bills had to be paid, that he had no access to the bank books because shortly

before going to the hospital his wife had opened a box in her own name and put the bank books in it. No witness called ever saw the bank books in the box or ever saw Patrick J. Bowen take anything out of the box.

The whole case for the petitioning representative of the wife's estate rests upon the legal theory that the deposit of the bank book labeled " in trust for wife Elizabeth, 53 years " in a box which was in the exclusive control of the wife made absolute the trust theretofore tentatively created for his wife by Patrick J. Bowen. The argument is that the physical fact of deposit of the book in the safe deposit box of Elizabeth Bowen to which Patrick J. Bowen originally had no access carries with it a presumption that all things had happened or had been done by Patrick J. Bowen to vest in Elizabeth Bowen the exclusive right to the possession of that book. From this premise it is argued that the fund vested in Elizabeth Bowen and that from June 8, 1933, when the book was deposited in her box Patrick J. Bowen had no title to or right therein. In support of this theory there is cited *Davlin* v. *Title Guarantee & Trust Co.* (229 App. Div. 269) where by a sharply divided court a tentative trust was held to have vested in the beneficiary. That case must be limited to its particular facts and the commentaries in the prevailing opinion upon which petitioner relies must be understood in the light of the special circumstances there outlined. Here the facts differ widely.

All that is offered is the statement of a witness to what is asserted as an oral admission by Patrick J. Bowen that the particular bank book evidencing the trust account was in the safe deposit box. The tenor of the admission so quoted is in the circumstances equally consistent with the thought that Patrick J. Bowen was complaining that his wife had taken his bank book rather than admitting that he had given it to her. The record shows that every draft upon the account in question was signed by Patrick J. Bowen and since the bank rules required presentation of the bank book there is in the record evidence that Patrick J. Bowen personally handled this book on a great number of occasions not only at the time of the original operation on his deceased wife in June, 1933, but at the time of a later operation in February, 1934, from the effects of which Elizabeth Bowen died. The proof establishes that the expenses of her illness including hospital bills and doctors' bills and eventually the expenses of her funeral were paid out of this account. In such circumstances the tenuous evidence of an alleged admission wholly fails to establish basis for asserting a termination of the trust by delivery of the trust *res* to the beneficiary. In this simple household of a childless couple who had lived together for twenty-

five years there was no doubt little thought of *meum* and *tuum* and the fact (if it be a fact) that with or without her husband's knowledge Elizabeth Bowen in anticipation of her operation put this bank book in a box in her own name establishes no delivery of it with intent to terminate the trust. (*Matter of Slobiansky*, 152 Misc. 232.)

This result is not altered by the fact that after her death and acting under a power which had been vacated by her death Patrick J. Bowen may have removed this book from her box. There is ample evidence that he had removed it at least a half dozen times before her death and this alone would suffice to negative any inference to be drawn from his alleged oral admission. Nothing turns upon the fact that he signed the vouchers for withdrawal of funds "Patrick J. Bowen, trustee." That was a formula which he adopted long before his wife entered the hospital in June, 1933. It was a formula which he continued thereafter. Its tenor means nothing just as his handling of the box after her death means nothing respecting title to the bank book.

The court reserved decision on the motion of respondent to dismiss this proceeding and stated that opportunity would be given to respondent to present counter-proof if the court were of opinion that a *prima facie* case had been made. For the reasons stated the court holds that petitioner failed to make a *prima facie* case. Accordingly the petition is dismissed so far as the bank book and its proceeds are concerned. There was some vague testimony respecting a brooch. None was found in the box when it was inspected after the death of Patrick J. Bowen. All that is here offered is again an alleged oral statement by Patrick J. Bowen that a diamond brooch existed and was in the box. The proof is insufficient to warrant any finding in favor of petitioner on this branch of the inquiry.

Accordingly an order may be submitted, on notice, dismissing the proceeding.