■ MATILDA D. HUME, Appellant, v. MICHAEL A. C. HUME et al., Respondents.— In an action to impress a trust on the proceeds of three bank accounts and for other relief, plaintiff appeals from a judgment of the Supreme Court, Kings County, dated November 30, 1960, rendered after a nonjury trial, which, *inter alia*, dismissed the amended complaint; directed that the proceeds of these bank accounts shall be turned over to a named trustee for investment and that the income therefrom shall be paid to the plaintiff, such income to be not less than $225 a month even if it should become necessary to invade the principal; and directed that the principal of the trust fund remaining upon the death of the plaintiff shall go to the defendant Hume (plaintiff's son) or to his distributees. Judgment reversed on the law and the facts, without costs; and judgment directed in favor of the plaintiff against the defendants, without costs, decreeing that the proceeds of the three bank accounts plus the interest accumulated, less the funeral and burial expenses which have already been deducted therefrom, shall be paid to the plaintiff free of any trust. The defendant Hume is the only child of the plaintiff and her deceased husband. Plaintiff, the mother, is about 78 years of age. The father, at the time of his death on November 24, 1959, was about 81 years of age. On the day of his funeral, November 27, 1959, the mother (plaintiff) signed the bank forms necessary to withdraw the funds in said three savings banks accounts which were either in the joint names of both the mother and father or in the name of the mother in trust for the son, and to transfer such funds to new accounts in the name of the son in trust for the mother. The trial court found that, on that day, the mother knew that these bank accounts and the funds therein were being transferred to her son's name in trust for her. Such finding is justified by the proof. It is undisputed, however, that on that date no firm agreement had been made as to the permanent disposition of the funds. It is also undisputed that, on the day following, the mother demanded a return of the moneys from the three accounts. There is no substantial proof that the mother consented to permanent surrender of control and possession of the moneys from these three accounts. Nor is there any substantial proof that the mother consented to surrender control of these moneys and to turn them over to her son so that a trust fund could be established from which she would draw merely an income for life. Hence, when the mother demanded a return

of the moneys in the accounts, she was entitled thereto. Findings of fact 10, 24, 30, 33 and 34 are reversed and contrary findings are hereby made. Finds of fact 9, 11, 18, 21, 25, 26, 28 and 29 are modified as indicated in the order to be entered hereon; and, as so modified, are hereby made. The following additional findings are hereby made: 36. When the plaintiff transferred legal title to the three bank accounts involved in this litigation to her son (defendant Michael A. C. Hume), in trust for the plaintiff, the transfers were induced by said defendant's undue influence. 37. When the plaintiff transferred legal title to the three bank accounts involved in this litigation to her son (defendant Michael A. C. Hume), in trust for the plaintiff, no agreement had been made between them as to the permanent disposition of the funds, and the plaintiff never consented to surrender permanently the control or possession of the funds and to turn them over to him so that a trust fund could be established from which she would draw merely an income for life. Ughetta, Kleinfeld and Brennan, JJ., concur; Nolan, P. J., and Beldock, J., dissent and vote to affirm the judgment with the following memorandum: This action was brought for a judgment declaring that certain bank accounts were held in trust for the benefit of the plaintiff; directing the retransfer thereof from the individual defendant to the plaintiff; and declaring that the moneys in such accounts are the property of the plaintiff and have been wrongfully converted by the individual defendant for his own use. As indicated by the majority memorandum, the plaintiff and said defendant are mother and son, respectively. The theory on which the action was brought was that the son had represented to his mother that it was necessary for her to attend to certain business on the day of her late husband's funeral, and that the son had "demanded" and "persuaded" the mother to accompany him to the savings banks where certain papers were prepared and signed by her at his request. It was alleged that she had learned subsequently that the papers which she had signed transferred the balances in the accounts to the son; that the execution of the papers was not her conscious voluntary act, but was induced by his misrepresentations to her and by his undue influence upon her; and that at no time was it her intention or within her contemplation that the accounts should be transferred to him, either individually or in trust. The evidence established that the accounts were transferred to the son, who thereafter held them in savings accounts with the corporate defendants, in his own name, in trust for the mother. The Special Term found: (1) that the transfers were made by the mother with full knowledge of what she was doing; (2) that in transferring the accounts the son acted with the intention of protecting his mother's interest, and to help her to manage her affairs during her old age; and (3) that in so doing he undertook to establish a trust for her benefit, which the Special Term directed him to do by the judgment appealed from. In our opinion, the findings made by the Special Term are supported by substantial evidence, and may not be disturbed. It is also our opinion: (a) that the evidence was insufficient to establish that the transfers to the son were induced by his undue influence; and (b) that the additional finding No. 37, made by the majority, is contrary to the weight of the evidence. Under the circumstances disclosed by the record, it may be that, when the new accounts were opened, irrevocable trusts were established in favor of the mother (cf. *Matthews* v. *Brooklyn Sav. Bank,* 208 N. Y. 508, 511; *Farleigh* v. *Cadman,* 159 N. Y. 169; *Matter of Totten,* 179 N. Y. 112, 126); and consequently, that the funds could not, without her consent, be transferred to a different trustee, on any different terms. However, the trust directed to be established by the Special Term, partly by the deposit of the son's personal funds, appears to be substantially what was contemplated by the parties. They apparently

intended that the mother's money should be managed for her by the son, so as to provide such support and maintenance for her in her old age as he, in his discretion, should determine to be proper. It does not appear from the record that the mother is seeking a judgment which would set aside the directions made by the judgment of the Special Term so as to provide only for the return of the money to the son to be held by him in trust. Consequently, the judgment appealed from should be affirmed.