## CLAUDIUS SHATTUCK AND LEWIS SHATTUCK, BY JAMES F. JOHNSON, AS THEIR GUARDIAN AD LITEM, RESPONDENTS, *v.* GEORGE BASCOM, APPELLANT.

*Proof required to show that a deed was intended as a mortgage—replevin in the cepit—not maintainable against one in possession of the land.*

In an action, in the nature of an action of replevin in the cepit, to recover a quantity of hemlock bark, the question at issue was whether a certain deed, absolute in terms, executed by the defendant to one Coleman, was, as between the parties thereto, intended to be a mortgage.

*Held,* that the rule was, that if the proofs were doubtful and unsatisfactory, or there was a failure to overcome the presumption arising from the terms of the written instrument by testimony entirely plain and convincing beyond reasonable controversy, the writing would be held to express correctly the intention of the parties.

It was claimed by the defendant that at the time the timber was got and the bark removed from the premises, he was in possession of the premises, and that for that reason the action could not be maintained, although the plaintiff might have established a good title to the land as against the defendant.

*Held,* that replevin in the cepit only lies where an action for trespass might be brought, and that, as a general rule, an action for an injury to real estate can only be maintained by the party in possession thereof or by the owner of lands which are unoccupied.

APPEAL by the defendant from a judgment entered in the office of the clerk of Cattaraugus county on the 23d day of February, 1888, upon the verdict of a jury in an action of replevin, to the effect that the plaintiffs were entitled to the possession of the property described in the complaint, and that the value thereof was $601, and also from an order denying a motion for a new trial, entered in said clerk's office on the 25th day of March, 1889. At the same time an appeal from an order denying the defendant's motion for a new trial founded on affidavits, on the ground of surprise, was heard.

The action was in the nature of an action of replevin in cepit, to recover a quantity of hemlock bark which the defendant cut and removed from the lands, the title to which was in controversy in this suit.

*E. D. Northrup,* for the appellant.

*Cary & Rumsey,* for the respondents.

BARKER, P. J. :

The underlying question in this case is, which of the parties is the owner of the fee of the lands from which the bark in question was removed? That question has been long in litigation in this court. On the trial now under review, the single question of fact submitted to the jury was, whether a certain deed, absolute in terms, executed by the defendant to one Truman R. Coleman, dated in August, 1865, was, as between the parties thereto, intended to be in the nature of a mortgage given as a security for a debt which the grantor, at that time, owed to the grantee? When this deed was delivered, the defendant was the owner of the premises in fee simple, having by contract, purchased the same of Nicholas Devereaux, and received a conveyance therefor from his executor as early as the year 1856. After the defendant deeded to Coleman, and in the year 1866, the lands were sold by the comptroller for arrears of taxes for the years 1856, 1858 and 1860, and in 1868, the comptroller executed a deed of the premises to one Marsh, and the plaintiffs claim title under that deed and from no other source. On the trial the defendant challenged the validity of that title and insisted that the proceedings in assessing the property and levying the tax were irregular and void in several particulars, which it is unnecessary to specify in considering the questions presented by this appeal. After the comptroller's deed was executed and delivered to Marsh, and in the year 1881, Coleman reconveyed the premises to the defendant by a quit-claim deed, and in this controversy he seeks to stand on the title he conveyed to Coleman by said deed in the year 1865.

During the period that Coleman held the title under the deed from the defendant to himself, and after the comptroller's deed was delivered, he commenced an action in this court against Edwin Shattuck, the father of the plaintiffs, under whom they claim, as his only heirs-at-law, who then, by certain mesne conveyances, held the title conveyed by the comptroller to Marsh, for the purpose of obtaining a decree setting aside the comptroller's deed, and the subsequent deed to Shattuck as a cloud upon his title, claiming that the tax proceedings and the deed from the comptroller were null and void. By the final judgment in that action, October, 1875, it was held and determined that, as between the parties thereto, the

comptroller's deed and the proceedings upon which it was founded were valid. That case, *Colman* v. *Shattuck*, as determined in the Court of Appeals, is reported in 62 New York, 348. On the former trial of this action judgment was rendered in the plaintiff's favor, which was affirmed by this court, on the ground that by the proofs, it appeared that the tax deed and the proceedings upon which it was founded were valid, supposing that those questions were considered and determined in the action of *Colman* v. *Edwin R. Shattuck.* The judgment of this court was reversed on appeal, by the Court of Appeals, on the ground that the proofs disclosed a fatal defect in the tax proceedings, and for that reason the plaintiff failed to establish a title to the premises from which the bark was taken; and the case is reported in 105 New York, 39. (*Shattuck* v. *Bascom.*)

The plaintiff now relies upon the judgment in the action of *Colman* v. *Shattuck* as conclusive evidence against the defendant that the comptroller's deed is valid and conveyed all the interest which Coleman had in the premises to the grantee therein named, and that the defendant is estopped from questioning the correctness of that judgment, as he claims title under Coleman, the party who prosecuted the transaction to a final judgment; and this position is entirely sound, if the deed from the defendant was, as it purports to be, an absolute and unconditional conveyance of the fee.

If, however, the deed was intended to be in the nature of a mortgage to secure a debt, as the defendant now contends, then he was not estopped from questioning the plaintiff's title and was free to show that the tax proceedings were irregular and illegal and the comptroller's deed void. On the trial the court ruled that, from the proofs as presented, the tax proceedings and the comptroller's deed based thereon were, as matter of law, void, and that the defendant was entitled to a verdict if the jury found that the deed from the defendant to Coleman was intended as a mortgage as between those parties; but if they found that the deed was intended to be an absolute conveyance of the fee of the premises, as it purported upon its face to be, then the plaintiff was entitled to recover. In the former appeal it was held by this court and by the Court of Appeals that if the deed was intended only as a mortgage, that the judgment in the action of *Colman* v. *Shattuck* was not binding on the defendant, as Coleman's deed reconveying the premises to him was, in legal

effect, a satisfaction of the mortgage, and nothing more, and was to be regarded in disposing of the questions now presented. By this statement of the history of the case it will appear that it was held by the trial court that the tax proceedings and the comptroller's deed were void as a matter of law and conveyed no title to the grantee named in the comptroller's deed under whom they claim.

It was not disputed by the defendant as a legal proposition, and the court so ruled, that if the deed to Coleman was absolute, then the judgment in the suit of *Coleman* v. *Shattuck* was binding on him, and he could not question the validity of the plaintiff's title as set up by them, and upon which they relied. The question of fact was submitted to the jury in a clear and intelligent charge, to which the defendant took no exception.

On the appeal from the order denying the defendant's motion for a new trial, he contends that the verdict was against the weight of evidence. But in view of all the facts and circumstances of the case as disclosed by the record, we cannot concur in that contention; and we think that there is ample evidence to sustain the verdict in view of the well-settled rule which applies in all instances where the grantor of a deed, absolute in terms, seeks to convert it into a mere security for the payment of a debt.

The burden of proof rested upon the defendant to overcome the strong presumption arising from the terms of a written instrument. The rule is that if the proofs are doubtful and unsatisfactory, if there is a failure to overcome this presumption by testimony entirely plain and convincing beyond reasonable controversy, the writing will be held to express correctly the intention of the parties. A deliberate deed or writing is of too much solemnity to be brushed away by loose or inconclusive proofs. (*Howland* v. *Blake*, 97 U. S., 626.) It is true that it is a strong circumstance in the defendant's favor that, in the deed by Coleman reconveying these premises, the consideration expressed was only one dollar; but he is compelled, in making out this part of his case, to rely largely upon his own evidence, and gives the only direct evidence on that question, and being a party in interest his evidence was subject to criticism, and clearly made a case for the jury. In verifying his petition in the bankruptcy proceedings he substantially stated upon oath that

he was not the owner of, and did not have any interest in these lands. Many of the cases hold that, upon the unsupported evidence of an interested witness, a decree changing a deed, absolute in terms, to be only an instrument for the security of a debt cannot be sustained. In other cases it is held that where the evidence of a party rests chiefly in the evidence of one witness, and that is disputed by a witness equally credible, a case for relief is not made out.

The appellant also contends that at the time the timber was cut and the bark removed from the premises he was in the possession of the same, and for that reason this action cannot be maintained, although it be held that the plaintiffs established a good title against the defendant. The rule is well settled that replevin *in the cepit* only lies where trespass might have been brought. As a general rule an action for an injury to real estate can only be maintained by a party in possession or by the owner of lands which are unoccupied. (*Rich* v. *Baker*, 3 Denio, 79 ; *Stockwell* v. *Phelps*, 34 N. Y., 363.)

The premises were not inclosed and the tract consisted of 150 acres of land. The defendant testified that in 1882, he caused a shanty to be built on the south-west corner of the lot, and that afterwards it was occupied by men whom he had engaged as choppers to remove some of the timber, and that afterwards he rented the shanty to a third person, who had some lands, near by and did at the same time some work for the defendant. It is doubtful whether this evidence would support a finding that at the time the bark was removed that the defendant was in the actual possession of the entire premises. On the former appeal this court, on evidence of the same general import, held that it was insufficient to permit the conclusion that the defendant was in the actual possession of the premises, of the entire parcel, when the bark was removed. On this trial, the attention of the jury was not called to the question nor was the court asked to submit it to the jury, and it was allowed to be passed without notice being taken of the same; and it is quite evident that both parties were conscious that the question of title to the premises was alone to be litigated, and that, in effect, the rulings of the court were limited to the question whether the deed from the defendant to Coleman was intended to be in the nature of a mortgage.

Some exceptions were taken by the defendant to the rulings of

the court in receiving and rejecting evidence, which have been examined with attention, and we are unable to discover any error.

The judgment and the order should be affirmed, with costs.

The order denying the defendant's motion for a new trial on the ground of surprise should also be affirmed on the opinion of CHILDS, J., which is printed in the record. We may add we have examined the question whether the stipulation made on that former trial was binding on the plaintiffs, and as the defendant made no application to have the trial delayed because he was unable to produce all the evidence which existed in his favor, upon the only question submitted to the consideration of the jury, and as it does not appear that the court made any ruling, whether the alleged stipulation should be read in evidence or not, the order should be affirmed, with ten dollars costs and disbursements.

DWIGHT and MACOMBER, JJ., concurred.

Judgment and order appealed from affirmed.