ANDREW WILSON, Appellant, *v.* WILLIAM A. PARSHALL, Respondent.

A party who alleges that a deed of real estate, absolute in form, is a mortgage, must show it by very satisfactory evidence.

A grantee suing for breach of covenant in a full covenant deed does not conclusively establish his cause of action by showing an apparent cloud upon the title, or by proof of such circumstances as would justify a court of equity in refusing to compel a specific performance by a purchaser under an executory contract to take a deed. The action concerns real not simply apparent defects and it is well defended by proof satis- factory to the court that the title is not in fact defective.

In such an action, plaintiff claimed that the deed under which defendant, his grantor, claimed title was in fact a mortgage. The evidence on the part of the plaintiff was to the effect that said deed was executed to pay an indebtedness to a firm of which defendant was a member ; that the debt was not to survive the deed, but the firm was to sell the land and after paying the liens thereon, including the debt, to pay over the balance to the grantor. *Held,* that a verdict was properly directed for defendant ; that defendant took an absolute title under his deed, his grantor retaining no title or interest in the land as such, but simply an interest in the proceeds to be realized on a sale.

(Argued October 29, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 6, 1891, which affirmed a judgment in favor of defendant, entered upon a verdict directed by the court.

The nature of the action and the facts so far as material are stated in the opinion.

*A. B. Cruikshank* for appellant. The covenant of seizin is in effect a covenant for a good title. (4 Kent's Comm. 471; Rawle on Cov. § 58; *Mott* v. *Palmer*, 1 N. Y. 569.) Plaintiff's cause of action was perfect as soon as he received his conveyance. (4 Kent's Comm. 471, 472; Willard on Real Estate [2d ed.] 414; *Greenby* v. *Wilcox*, 2 Johns. 1; *Morris* v. *Phelps*, 5 id. 59; *Sedgwick* v. *Hollenbeck*, 7 id. 376; *Hall* v. *Dean*, 13 id. 105; *Abbott* v. *Allen*, 14 id. 248; *Fitch* v.

*Baldwin,* 17 id. 161; *Kent* v. *Snyder,* 9 Wend. 416; *Fowler*
v. *Poling,* 2 Barb. 300; *McCarthy* v. *Leggett,* 3 Hill, 134;
*Coit* v. *McReynolds,* 2 Robt. 655; *Nichols* v. *Nichols,* 5 Hun,
108; *Mott* v. *Palmer,* 1 N. Y. 564; *Leroy* v. *Beard,* 8 How.
Pr. 451, 465; Wood's Mayne on Dam. [Am. ed.] § 247.) The
proof showed that defendant had not an indefeasable title
when he made the deed to plaintiff. (*Horn* v. *Keteltas,* 46 N.
Y. 605; *Odell* v *Montross,* 68 id. 499; *Bennett* v. *Austin,* 9
Wkly. Dig. 88.) The maxim "Once a mortgage, always a
mortgage," is applicable to this case. The interest of the
equitable mortgagor (Bockhorn) in the premises could properly
be extinguished only by foreclosure. (*Lawrence* v. *F. L. &
T. Co.,* 13 N. Y. 200.) The good faith of plaintiff's purchase
from defendant while it might enable him to defend his own
title is not a good defense in this action. Plaintiff is entitled
to the kind of a title he bargained for and to a fulfillment of
the covenants in defendant's deed to him. (*Tillotson* v. *Ges-
ner,* 33 N. J. Eq. 313; *Fleming* v. *Burnham,* 100 N. Y. 10;
*Moore* v. *Williams,* 115 id. 586; *Vought* v. *Williams,* 120 id.
253; *Irving* v. *Campbell,* 121 id. 553.) It was error to refuse
plaintiff's requests to be allowed to go to the jury. (*Smith* v.
*Coe,* 55 N. Y. 678.) The plaintiff's claim of damages was
sustained by the proof. (Wood's Mayne on Dam. § 250;
*Spring* v. *Chase,* 22 Me. 505; *Brandt* v. *Foster,* 5 Ia. 287;
*Cady* v. *Allen,* 22 Barb. 388; *Rector* v. *Higgins,* 48 N. Y.
532.)

*H. Arlington* for respondent. A *bona fide* purchaser of
real estate held by an absolute deed, even though such deed is
intended as security for a debt, obtains a good title if such pur-
chase is made without notice of such intended security.
(*Hogarty* v. *Lynch,* 6 Bosw. 138; *Stoddard* v. *Rotton,* 5 id.
378; *Mills* v. *Comstock,* 5 Johns. Ch. 214; *Meehan* v. *For-
rester,* 52 N. Y. 280; Sedg. & Wait on Titles, § 337; *McNeil*
v. *T. N. Bank,* 46 N. Y. 325.) To constitute a breach of the
covenant of warranty, there must be something tantamount to
an eviction. (*Ingersoll* v. *Hall,* 30 Barb. 392; *Greene* v. *Tall-*

*man,* 20 N. Y. 191 ; 3 Washb. on Real Prop. 490, 500.) The conveyance from Bockhorn to Parshall was not a mortgage, and was not given as security for a debt. (*Rogers* v. *Beach,* 17 N. E. Rep. 609 ; *Cunningham* v. *Bonta,* 2 Ind. 604 ; *Lee* v. *Kilburn,* 3 Gray, 549 ; *Wilson* v. *Clark,* 47 N. Y. 261 ; Sedg. & Wait on Titles, § 337.)

EARL, J. This action was brought to recover damages for the breach of the covenants contained in a full covenant deed of real property situate in the city of New York, which was purchased of the defendant by the plaintiff in 1880. The plaintiff's claim is that there were breaches of the covenants of seisin, of a right to convey and against incumbrances. The court directed a verdict against him, and he claims that, at least, the evidence should have been submitted to the jury.

The real estate formerly belonged to John W. Bockhorn, and on the 3d day of December, 1877, he conveyed it to the defendant by a deed absolute in form containing full cove-nants, subject, however, to two mortgages, one for $6,000 and another for $5,100, the latter having been executed to secure an indebtedness from him to the firm of H. K. Thurber & Co. The plaintiff claims that this deed was executed to the defendant, who was connected with that firm, to secure the same debt, and that, therefore, it was in fact and legal effect a mortgage, and that thus his title was imperfect.

These deeds in form conveyed a perfect title to the real estate, and the burden was upon the plaintiff, in this action for a breach of the covenants, to show that they did not ; and in this he utterly failed.

The security of titles and sound public policy require that a party, alleging that a deed absolute in form is, nevertheless, a mortgage, should show it by very satisfactory evidence, and where he attempts to show it by oral evidence, his proof should amount to more than a mere guess or surmise, or even infer-ences which are just as consistent with one theory of the deed as the other.

*In limine*, it may be observed that it is entirely improbable that Thurber & Co., already having a mortgage to secure their debt, should take another mortgage on the same property for the same debt, without any apparent reason or advantage, and then record it as a deed. But the proof shows without any doubt that this deed was not intended as a mortgage. While Bockhorn, a witness for the plaintiff, testified in a general way that the deed was given to secure the debt to Thurber & Co., he also testified that the debt did not survive the deed, and that he was not thereafter indebted to them, and that Thurber & Co. were to sell the land, and, after paying the liens thereon, including the debt to them, they were to account and pay over the balance to him; and H. K. Thurber, the only other witness upon the same subject, testified substantially to the same effect. Thus it is clear that the debt was to be secured and really paid by an absolute unconditional transfer of the real estate to the defendant, and by vesting the absolute title in him for the benefit of Thurber & Co. and thereafter Bockhorn had no further title to or interest in the land as such, his only interest being in the proceeds to be realized on a sale thereof by the defendant. There was then no defect in defendant's title. He did with the land exactly what he had the right to do, under the parol arrangement with Bockhorn. And Bockhorn's only right was to call him to account for the proceeds. In the end they appear to have proved insufficient to pay the liens upon the land.

The mere fact that Bockhorn, or some one in his behalf, or representing him, claims that the deed was intended as a mortgage, does not render the title conveyed by the defendant defective, or make the defendant liable for breach of any of the covenants in his deed. Any absolute deed may be assailed by parol evidence given for the purpose of showing that it was intended as a mortgage. But a grantee sueing for a breach of the covenants in the deed to him in such a case must show not only that the claim is made that his grantor's deed was a mortgage, but he must establish that it was in fact intended as a mortgage. This the plaintiff failed to do.

There may be an apparent cloud upon the title to real estate conveyed by a full covenant deed, and the circumstances may be such that a court of equity would not compel a purchaser under an executory contract to take a deed ; yet if he takes the deed and then sues for a breach of the covenants, the suit is well defended by proof satisfactory to the court upon all the evidence submitted that the title was in fact not defective. Evidence which will defend an action for specific performance is not always sufficient to maintain an action for breach of covenants.   The one action may concern apparent defects in the title, and the other must concern real defects.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.