(3 Misc. Rep. 597.)

THORNLEY v. THORNLEY et al.

(City Court of Brooklyn, General Term. May 22, 1893.)

REVIEW ON APPEAL.

    In an action to have a deed declared a mortgage, and for an accounting, a decision by the trial judge on conflicting evidence will not be disturbed on appeal.

Appeal from special term.

Action by Catharine L. Thornley against Charlotte Thornley and Annie Wallace to have a deed declared a mortgage, and for an accounting. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Anthony Barrett, for appellant.

Forster & Speir, for respondents.

OSBORNE, J. By deed dated February 13, 1879, the plaintiff herein and her husband conveyed to the defendant Charlotte Thornley and her husband, Thomas Thornley, since deceased, (who were the parents of plaintiff's husband,) for an expressed consideration of $2,000, a certain house and lot on Van Brunt street, in the city of Brooklyn. Said grantees soon after entered into possession of the premises, and such possession has continued up to the present time. On the 9th of December, 1891, plaintiff commenced this action to have said conveyance declared to be a mortgage, and for an accounting. The plaintiff and the other witnesses adduced by her upon the trial testified to matters tending to support her contention, and the defendant and her witnesses directly contradicted the evidence on behalf of the plaintiff, to the effect that said deed was a mortgage. The learned trial judge saw the several witnesses on the witness stand, and heard them testify, and his opportunity for judging of their credibility was much better than ours is. He has decided, upon evidence of a conflicting character, that the plaintiff has failed to sustain her contention. A careful perusal of the evidence shows that there was no preponderance in favor of the plaintiff, and we fail to see any ground that would justify us in interfering with the conclusions of the learned trial judge. The plaintiff was bound to show, by very satisfactory evidence, that the deed in question was intended to be only a mortgage. Wilson v. Parshall, 129 N. Y. 223, 225, 29 N. E. Rep. 297. In our opinion, she has entirely failed to do this. None of the exceptions taken on the trial seem to be of sufficient importance to call for any discussion.

The judgment appealed from should be affirmed, with costs.