GEORGE ALBERT SUMNER and Others, Appellants, *v.* MAUDTHILDE WILLIS SUMNER, Respondent.

Second Department, June 11, 1926.

Mortgages — action to redeem — deed to defendant and husband was mortgage — defendant was not mortgagee in possession during lifetime of husband or after his death — no limitation of time for action to redeem where mortgagee not in possession — Civil Practice Act, § 46, not applicable.

On a motion to dismiss the complaint in an action to redeem real property from a mortgage, the allegations of the complaint show that a deed given to the defendant and her husband was intended as a mortgage.

Neither the complaint nor the affidavits used on the motion allege that the defendant was in possession as mortgagee and such possession cannot be presumed. She was, therefore, merely a mortgagee but not a mortgagee in possession during the lifetime of her husband and after his death she could not merely by remaining in possession become such mortgagee in possession of the property.

The defendant not being a mortgagee in possession, section 46 of the Civil Practice Act providing that the action to redeem must be commenced within twenty years after possession is taken following the breach of condition, is not applicable. There seems to be no express limitation upon an action to redeem property from a mortgagee not in possession.

APPEAL by the plaintiffs, George Albert Sumner and others, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Suffolk on the 25th day of January, 1926, dismissing the complaint, and also from a judgment entered in said clerk's office on the same day pursuant to said order.

*Henry T. Hall,* for the appellants.

*John R. Vunk,* for the respondent.

PER CURIAM. We are of the opinion that the Statute of Limitations contained in section 46 of the Civil Practice Act\* does not apply to this action. Assuming, as we must, that the allegations of the complaint are true, the defendant did not become, upon the delivery of the deed, a tenant by the entirety, nor upon her husband's death, take the whole title in fee as survivor of such tenant. She had nothing but a lien upon the property to secure the indebtedness of $1,000 to her. That still remained her status upon her husband's death. In other words, her right or interest in the property must be determined by the facts alleged in the complaint, not according to the face of the deed, and the limitation applicable must be determined upon those facts. It is not alleged in either the com-

---

\* See, also, Laws of 1924, chap. 158, amdg. said § 46.— [REP.

plaint or the affidavits used upon the motion that the defendant was in possession as mortgagee. Such possession will not be presumed, as the complaint and affidavits stand. She was, therefore, merely a mortgagee, but not a mortgagee in possession within the meaning of that section because, during the lifetime of her husband, she had no independent possession apart from that of her husband (*Berkowitz* v. *Brown,* 3 Misc. 1, 8), and, after his death, she could not, merely by remaining in possession, become such mortgagee in possession, as such possession was not with the consent, either express or implied, of the owners of the equity of redemption. (*Barson* v. *Mulligan,* 191 N. Y. 306; *Becker* v. *McCrea,* 193 id. 423.)

No cause of action, therefore, accrued until the mortgagor's death in 1924, when defendant took possession of the property. An action to redeem may be maintained against the mortgagee whether in or out of possession. (*Reich* v. *Cochran,* 213 N. Y. 416, 428.) There seems to be no express limitation upon an action to redeem from a mortgage except that provided by section 46 of the Civil Practice Act, where the mortgagee has been in possession for twenty years after the breach of a condition, etc. Where, therefore, the mortgagee is not in possession, that section has no application.

The judgment and order, therefore, should be reversed on the law, with costs, and the motion to dismiss the complaint denied, with ten dollars costs.

KELLY, P. J., RICH, MANNING, YOUNG and LAZANSKY, JJ., concur.

Order granting defendant's motion for judgment dismissing complaint, and judgment entered thereon, reversed on the law, with costs, and motion denied, with ten dollars costs.