GEORGE ALBERT SUMNER and Others, Plaintiffs, *v.* MAUDTHILDE WILLIS SUMNER, Defendant.

Supreme Court, Suffolk County, December 24, 1926.

Mortgages — action to have deed declared mortgage — plaintiffs claim that on delivery of deed to their father, he and defendant agreed that defendant's interest in deed would be merely lien upon property to secure $1,000 loaned toward $5,000 down-payment — deed, which is absolute on its face, will not be deemed mortgage unless evidence as to transaction is clear and convincing — documentary evidence, which is self-serving, does not meet requirement of rule.

A deed to the defendant and her late husband, which was given them upon the payment of $5,000 in cash, $1,000 of which was loaned by the defendant to her husband, will not be declared a mortgage where the only evidence which would support such a declaration is the husband's will, in which the plaintiffs, his children, are devisees, a memorandum left by him for the information of his

executors, and certain other papers containing indorsements, since all such declarations are merely self-serving in character and fail to meet the rule requiring evidence that is clear, satisfactory and convincing when it is sought to prove that a deed absolute on its face was intended by the parties to the instrument to be a mortgage.

ACTION to have a deed declared a mortgage.

*Henry T. Hall* [*Martin Conboy* of counsel], for the plaintiffs.

*John R. Vunk,* for the defendant.

DRUHAN, J.   George Watson Sumner died on February 20, 1924. His widow, Maudthilde Willis Sumner, is the defendant in this action.   Two sons and two daughters of George Watson Sumner, by a former marriage, are the plaintiffs, and they demand judgment declaring that the defendant's interest under a deed of conveyance of real estate to her and her late husband is that of a mortgagee only.   The deed in question was made by the executors of the last will and testament of Frederick C. Vrooman.   It was delivered to George Watson Sumner and Maudthilde Willis, his wife, on December 21, 1903, and recorded on January 13, 1904.   The consideration expressed in the deed is $25,000, and according to the face of the instrument real property in the village of Patchogue consisting of about 100 acres of land and the improvements thereon was conveyed to the grantees.   The plaintiffs claim that the consideration for the conveyance was paid by their father.   They allege that of the sum of $5,000 which was paid in cash upon delivery of the deed, $1,000 thereof was loaned to him by the defendant. They contend that their father and the defendant then and there entered into an agreement that the defendant's interest under the deed would be nothing more than a lien upon the property to secure such indebtedness.   The plaintiffs are devisees under the last will and testament of their father and by reason of that fact if judgment in their favor is directed in this action they would become the owners of the equity of redemption in the property. The complaint in the action has been the subject of judicial scrutiny and it has been held that the allegations of the complaint set forth a good and sufficient cause of action which, if proved, would entitle the plaintiffs to equitable relief.   (*Sumner* v. *Sumner,* 217 App. Div. 163.)   An examination of the evidence, however, will show that the plaintiffs have failed to meet the requirements of the rule which is applicable to the facts presented in this case.

It is well settled that when it is sought to prove that a deed, absolute on its face and unequivocal in terms, was intended by the parties to the instrument to be a mortgage, the evidence must be clear, satisfactory and convincing, and that the facts submitted to the court should be of a clear and decisive import.

In dealing with a similar case many years ago the Court of Appeals in *Ensign* v. *Ensign* (120 N. Y. 655, 656) stated the rule as follows: " The burden of establishing an oral defeasance to such a deed is an onerous one resting on whoever alleges it, and its existence, and also its precise terms, must be established by clear and conclusive evidence, otherwise the strong presumption that the deed expresses the entire contract between the parties to it is not overcome. A conveyance of land in fee so executed, acknowledged and recorded is of too great solemnity and of too much importance to be set aside or converted into a mere security upon loose or uncertain testimony, and it will not be unless the existence of the alleged oral defeasance is established beyond a reasonable doubt."

The courts have always adhered strictly to the rule thus established. (*Bascombe* v. *Marshall, No. 1,* 129 App. Div. 516; affd., 198 N. Y. 538; *Wilson* v. *Parshall,* 129 id. 223; *Thornley* v. *Thornley,* 3 Misc. 597; affd., 143 N. Y. 668; *Shattuck* v. *Bascom,* 55 Hun, 14; *Palmer* v. *Rotary Realty Co.,* 109 Misc. 431.)

It is clear that the documentary evidence lends no support to the contention of the plaintiffs in this action. The will of the testator, the memorandum left by him for the information of his executors and the envelopes with the indorsements thereon are declarations which are self-serving in character and, consequently, have no value in support of the plaintiffs' claim. The entry which appears to have been made by Mrs. Sumner in her husband's account book is indefinite in its import and equivocal. It may be regarded either as a declaration in her interest or as a declaration against her interest. It may be taken to indicate that she did not regard herself as one of those who was " hounding " her husband. It may also be said that in her opinion her ownership was already established and sufficiently protected by the deed and, consequently, it was unnecessary for her to " hound " her husband in order to have him place in her name what was already secured to her by the instrument. But even if it be considered as a declaration against interest it is not sufficient in character to establish the plaintiffs' contention. The entry which was made under the heading " sums loaned at different times since Jan. 1, 1904," is likewise inconclusive. This entry is to the effect that $1,000 was loaned on January 1, 1904, " on purchase of house and grounds or estate." These words may be deemed to have been employed merely in a descriptive sense indicating only the occasion when the loan was made and its purpose. The words, however, are an insufficient basis upon which to predicate an inference that a deed to property valued at $25,000, which was deliberately taken

in their joint names, was intended by both of the grantees to be merely a mortgage as to one of them to secure an indebtedness to the extent of $1,000, and that such intent was evidenced by an oral defeasance to that effect.

It should not be overlooked that the grantees named in the instrument were husband and wife and that they were presumably living together in harmonious relationship. In these circumstances there is a strong presumption that George Watson Sumner intended the deed to be a provision for his wife's future. Moreover, the circumstances do not justify the inference that a distinguished gentleman of excellent education who had held high office in the naval service of his country would resort to an expedient so unique in character and so fraught with the possibility of legal complications in order to furnish security to his wife for a comparatively small indebtedness.

While it may be conceded that the words " loaned on mortgage " might lend some force to the plaintiffs' claim, I am of the opinion, nevertheless, that such words are not sufficient to establish the plaintiffs' contention with the legal exactitude which is required by the rule applicable to this case. The entry does not disclose when or why it was made. Nor does it appear that Mrs. Sumner had any knowledge of law or the distinction between instruments which relate to real property. It is possible that when George Watson Sumner was importuned for payment he had been accustomed to refer to the loan as one which was protected by mortgage and it is likely that the language thus used had left an impression on the mind of his wife. The entry, however, lacks the definiteness which is necessary to justify the inference that his wife used the words " loaned on mortgage " in conscious recognition and acknowledgment that her status as one of the grantees under the deed was that of a mortgagee merely to the extent of $1,000. In this connection the language of the Court of Appeals in *Wilson* v. *Parshall* (129 N. Y. 223, 225) is peculiarly in point. In that case the court said: " The security of titles and sound public policy require that a party, alleging that a deed absolute in form is, nevertheless, a mortgage, should show it by very satisfactory evidence, and where he attempts to show it by oral evidence, his proof should amount to more than a mere guess or surmise, or even inferences which are just as consistent with one theory of the deed as the other."

If the above views are correct it must be held that the evidence of the plaintiffs does not meet the requirements of the rule and, therefore, judgment should be directed for the defendant.