■ Marilyn Lombardi, Respondent, v Allcity Insurance Company, Also Known as Empire Insurance Company, Also Known as Empire Insurance Group, Appellant, et al., Defendant. [711 NYS2d 767] —In an action, *inter alia,* for a judgment declaring that the defendant Allcity Insurance Company a/k/a Empire Insurance Company a/k/a Empire Insurance Group is obligated to indemnify the defendant Figli Management Corp. in a personal injury action entitled *Lombardi v Losquadro Ice Company, Inc.,* in the Supreme Court, Kings County, under Index No. 9326/94, the defendant Allcity Insurance Company appeals from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated April 19, 1999, which granted the plaintiff's motion for summary judgment declaring that it was obligated to indemnify the defendant Figli Management Corp.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Allcity Insurance Company is obligated to indemnify Figli Management Corp. in an action entitled *Lombardi v Losquadro Ice Company, Inc.*

The Supreme Court properly granted the plaintiff's motion for summary judgment. The plaintiff presented evidence in admissible form which established her entitlement to judgment as a matter of law (*see,* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325; *Zuckerman v City of New York,* 49 NY2d 557, 562). The evidence presented by the appellant in opposition to the motion, which consisted primarily of the affirmation of its counsel, who had no personal knowledge of the facts, was insufficient to defeat the motion (*see, Zuckerman v City of New York, supra,* at 563; *Venezia v Coldwell Banker Sammis Realty,* 270 AD2d 480; *Citibank v Joffe,* 265 AD2d 291).

The appellant's remaining contentions are without merit.

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the plaintiff (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Bracken, J. P., Joy, Friedmann and Schmidt, JJ., concur.