■ ARTISTIC LANDSCAPING, INC., Respondent, v BOARD OF AS-SESSORS et al., Appellants. [757 NYS2d 101] —In an action, inter alia, for a judgment declaring the penalty payments imposed against the subject property pursuant to Agriculture and Markets Law § 306 (2) (a) (i) are null and void, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), entered February 14, 2002, as granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the penalty payments imposed against the subject property pursuant to Agriculture and Markets Law § 306 (2) (a) (i) are null and void.

Agriculture and Markets Law § 306 (2) (a) (i) states in pertinent part that "If land which received an agricultural assessment pursuant to this section is converted at any time within eight years from the time an agricultural assessment was last received, such conversion shall subject the land so converted to payments in compensation for the prior benefits of agricultural assessments." Agriculture and Markets Law § 301 (8) defines conversion as "an outward or affirmative act changing the use of agricultural land and shall not mean the nonuse or idling of such land."

The Supreme Court properly granted the plaintiff's motion for summary judgment. Although the subject property is currently being used exclusively for religious purposes, the plaintiff presented sufficient evidence which established prima facie that there was no outward or affirmative act changing the use of the agricultural land (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The defendants failed to raise a triable issue of fact in opposition to the motion (*see Zuckerman v City of New York, supra* at 563). The fact that the subject property was proposed to be used exclusively for religious purposes does not overcome the fact that the land was still being used for agricultural purposes (*cf. People ex rel. Watchtower Bible & Tract Socy. v Haring,* 8 NY2d 350 [1960]).

The defendants' remaining contentions are without merit.

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the plaintiff (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Lombardi v Allcity Ins. Co.,* 274 AD2d 420 [2000]). Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.