■ In the Matter of MERSCORP, INC., et al., Appellants-Respondents, v EDWARD P. ROMAINE et al., Respondents-Appellants. [808 NYS2d 307]—

In a hybrid proceeding, inter alia, pursuant to CPLR article 78 in the nature of mandamus to compel the Suffolk County Clerk to record and index mortgages, assignments, and discharges that name Mortgage Electronic Registration Systems, Inc., as the lender's nominee or the mortgagee of record, and an action for a judgment declaring that these instruments are acceptable for recording and indexing, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Catterson, J.), dated May 12, 2004, as denied that branch of their motion for summary judgment which was to compel the Suffolk County Clerk to record and index the subject assignments and discharges, and Edward P. Romaine, as Suffolk County Clerk, and Suffolk County cross-appeal, as limited by their brief, from so much of the same order and judgment as granted that branch of the petitioners' motion for summary judgment which was to compel the Suffolk County Clerk to record and index the subject mortgages.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof denying that branch of the petitioners' motion for summary judgment which was to compel the Suffolk County Clerk to record and index the subject assignments and discharges, and substituting therefor a provision granting that branch of the motion, and (2) adding thereto a provision declaring that the mortgages, assignments, and discharges which name Mortgage Electronic Registration Systems, Inc., as the lender's nominee or the mortgagee of record are acceptable for recording and indexing; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the petitioner.

The petitioners, Merscorp, Inc. (hereinafter Merscorp), and its subsidiary, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), operate a national electronic registration system (hereinafter the MERS System) for residential mortgages and related instruments (hereinafter MERS Instruments).

In essence, lenders who subscribe to the MERS System (hereinafter MERS Members) designate MERS as their nominee or the mortgagee of record for the purpose of recording MERS Instruments in the county where the subject real property is located. The MERS Instruments are registered in a central database, which tracks all future transfers of the beneficial ownership interests and servicing rights among MERS Members throughout the life of the loan.

Merscorp and MERS commenced this hybrid proceeding and action in response to the announcement by the Suffolk County Clerk (hereinafter the Clerk) that, as of May 1, 2001, he would no longer accept MERS Instruments that listed MERS as the mortgagee or nominee of record unless MERS was, in fact, the actual mortgagee. In June 2002 this Court granted the motion by Merscorp and MERS to preliminarily compel the Clerk to record MERS Instruments and list MERS as the mortgagee in the County's alphabetical indexes pending the Supreme Court's determination of the hybrid proceeding and action on the merits (*see Matter of Merscorp, Inc. v Romaine,* 295 AD2d 431 [2002]).

The Supreme Court properly compelled the Clerk to record MERS mortgages (*see Klostermann v Cuomo,* 61 NY2d 525, 539 [1984]). In short, the Clerk has a statutory duty that is ministerial in nature to record a written conveyance if it is duly acknowledged and accompanied by the proper fee (*see* Real Property Law § 290 [3]; § 291; County Law § 525 [1]). Accordingly, the Clerk does not have the authority to refuse to record a conveyance which satisfies the narrowly-drawn prerequisites set forth in the recording statute (*see People ex rel. Frost v Woodbury,* 213 NY 51 [1914]; *People ex rel. Title Guar. & Trust Co. v Grifenhagen,* 209 NY 569 [1913]; *Matter of Westminster Hgts. Co. v Delany,* 107 App Div 577 [1905], *affd* 185 NY 539 [1906]; *Putnam v Stewart,* 97 NY 411 [1884]).

Similarly, Real Property Law § 316-a (1), which only applies to the Suffolk County indexing system, provides that the Clerk must record and index "[e]very instrument affecting real estate or chattels real, situated in the county of Suffolk, which shall be, or which shall have been recorded in the office of the clerk of said county . . . pursuant to the provisions of this act." Pursuant to Real Property Law § 316-a (2), the Clerk must maintain the indexes so they "contain the date of recording of each instrument, the names of the parties to each instrument and the liber and page of the record thereof" (*see also* Real Property Law § 316-a [4], [5]). Thus, the Clerk's duty to index recorded instruments is mandatory and ministerial in nature.

Contrary to the Supreme Court's determination, there is no

valid distinction between MERS mortgages and MERS assignments or discharges for the purpose of recording and indexing. Pursuant to Real Property Law § 321 (1), the discharge document may be signed either by the mortgagee, the person who appears from the public record to be the last assignee, or their personal representatives.

As the proponents of a motion for summary judgment, Merscorp and MERS made a prima facie showing that they were entitled to judgment as a matter of law by tendering sufficient evidence to establish that they complied with the applicable recording statutes (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Artistic Landscaping v Board of Assessors,* 303 AD2d 699 [2003]). Once this showing was made, the burden shifted to the Clerk, who failed to raise a triable issue of fact in opposition to the motion (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Since this is a declaratory judgment action, the order and judgment must be modified, inter alia, by adding a declaration that the mortgages, assignments, and discharges which name MERS as the lender's nominee or the mortgagee of record are acceptable for recording and indexing (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.