■ JP Morgan Chase Bank, N.A., as Successor by Merger to Washington Mutual Bank F.A., Appellant, v Joseph Mbanefo, Respondent. [998 NYS2d 415]—

In an action, in effect, to compel the Suffolk County Clerk to accept for recording a copy of a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated July 9, 2012, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a).

Ordered that the order is affirmed, with costs.

The plaintiff JP Morgan Chase Bank, N.A. (hereinafter Chase), as successor by merger to Washington Mutual Bank F.A., commenced this action in June 2012, seeking, in effect, to compel the Suffolk County Clerk to accept for recording a copy of a mortgage that allegedly was executed on October 19, 2005, the original of which was not recorded because it allegedly was lost or destroyed. The sole named defendant in the action was the mortgage debtor. Chase characterized its cause of action as one pursuant to RPAPL 1515 to "quiet title" to its "mortgage interest" in the mortgaged premises.

The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a). In an affirmation submitted in support of the motion, the defendant's attorney alleged that the complaint failed to state a cause of action, and that the action was time-barred. The defendant argued that the action was actually one for a judgment authorizing the recording of an equitable mortgage, governed by a six-year statute of limitations (see CPLR 213 [1]; Collucci v Collucci, 58 NY2d 834, 836 [1983]). In the alternative, the defendant asked the court to dismiss the action pursuant to CPLR 3211 (a) on the ground that Chase failed to demonstrate that the parties intended for the defendant to mortgage the subject property in the first instance.

In opposition, Chase argued that the mortgage in question was not an equitable mortgage but, rather, was a copy of an "actual mortgage duly executed and delivered" by the defendant, and that this action was therefore governed by the 10-year statue of limitations set forth in CPLR 212 (a), applicable to actions to recover possession of, or quiet title to, real property.

In the order appealed from, the Supreme Court concluded that the cause of action alleged was not a cause of action to quiet title and, therefore, was not governed by the 10-year statute of limitations set forth in CPLR 212, but, rather, was governed by the "catch-all" six-year statute of limitations articulated by CPLR 213 (1), and that the action therefore was time-barred. The court further stated that "nothing in this order should be read to impugn the validity of the mortgage."

We affirm the order, but for a reason other than that relied

upon by the Supreme Court. We agree with the Supreme Court that Chase did not state a cause of action to quiet title, since this is not an action to recover ownership or possession of real property (*cf. Sumner v Sumner*, 217 App Div 163, 164 [1926]). However, Chase also did not state a cause of action to compel the Suffolk County Clerk to accept the mortgage for recording, since it is not alleged in the complaint that the copy of the mortgage was valid on its face, a necessary element of a cause of action to compel a county clerk to record a mortgage (*see Matter of Merscorp, Inc. v Romaine*, 24 AD3d 673, 674 [2005], *affd* 8 NY3d 90 [2006]). Since a viable cause of action was not asserted, it cannot be determined what limitations period applies, and when the cause of action accrued. Accordingly, the Supreme Court should have directed the dismissal of the complaint for failure to state a cause of action.

Chase's contention that it should be permitted to amend the complaint to assert a viable cause of action is not properly before this Court. Rivera, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.