█ JPMORGAN CHASE BANK, N.A., Respondent, v PATRICK ROSEMAN et al., Appellants, et al., Defendant. [29 NYS3d 380]—

In an action, inter alia, for a judgment declaring that the plaintiff holds a mortgage on the subject property, the defendants Patrick Roseman and Sally Roseman appeal from an order of the Supreme Court, Queens County (Gavrin, J.), entered January 29, 2015, which denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them and to cancel the notice of pendency filed against the subject property.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Patrick Roseman and Sally Roseman which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On July 14, 2008, the defendants Patrick Roseman and Sally Roseman (hereinafter together the borrowers) borrowed $389,557 from Ideal Mortgage Bankers, Ltd., and executed a purchase-money mortgage on real property in Rosedale, Queens. Part of the mortgage proceeds was used to pay off two preexisting mortgages on the property.

The borrowers' mortgage was not recorded. On or about May 6, 2014, the plaintiff commenced this action against, among others, the borrowers. The plaintiff alleged that it was the current holder of the mortgage and the original note, and it annexed copies of the mortgage and note to the complaint. The note contained an undated endorsement to the plaintiff. The mortgage was labeled a "certified true copy" and was acknowledged by a notary public qualified in Kings County. The complaint asserted causes of action (1) for a judgment declaring that the plaintiff holds the mortgage on the property; (2) for a judgment directing the Office of the City Register of the City of New York to record the mortgage with the same force

and effect as if the original had been recorded on July 14, 2008; (3) for a judgment declaring that the plaintiff has an equitable lien against the property; (4) for a judgment declaring that the plaintiff has a constructive trust against the property; and (5) sounding in equitable subrogation.

The borrowers moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them and to cancel the notice of pendency filed against the property, alleging, inter alia, that the plaintiff lacked standing to commence the action. In the order appealed from, the Supreme Court denied the motion in its entirety. We modify.

" 'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident' " (*YMJ Meserole, LLC v 98 Meserole St., LLC*, 133 AD3d 848, 849 [2015], quoting *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]). In this case, the face of the note indicated that it was endorsed to the plaintiff. Although the endorsement was undated, a copy of the note was annexed to the complaint, establishing prima facie that the plaintiff had standing (*see Nationstar Mtge., LLC v Catizone*, 127 AD3d 1151 [2015]; *U.S. Bank N.A. v Guy*, 125 AD3d 845, 847 [2015]).

Moreover, the complaint asserts that the mortgage was "duly executed and delivered," and the certified copy of the mortgage annexed to the complaint was duly acknowledged by an identified notary public. Thus, the mortgage appears valid on its face (*see JP Morgan Chase Bank, N.A. v Mbanefo*, 123 AD3d 669, 671 [2014]).

Further, the complaint adequately pleads causes of action seeking a judgment declaring an equitable lien and equitable subrogation (*see M & B Joint Venture, Inc. v Laurus Master Fund, Ltd.*, 12 NY3d 798, 800 [2009]; *Bank of N.Y. v Penalver*, 125 AD3d 795 [2015]; *Arbor Commercial Mtge., LLC v Associates at the Palm, LLC*, 95 AD3d 1147 [2012]).

However, the complaint fails to state a cause of action for the imposition of a constructive trust. The elements of a cause of action to impose a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance upon the promise, and (4) unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). In this case, the plaintiff does not allege a fiduciary relationship between itself and the borrowers, and on this record, there is no basis alleged from which one could infer that there is a fiduciary relationship (*see Chester Color Separations v Trefoil Capital Corp.*, 222 AD2d

276 [1995]). Therefore, that branch of the borrowers' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the plaintiff's fourth cause of action seeking a constructive trust should have been granted.

The borrowers' remaining contentions are without merit or need not be addressed at this juncture. Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.