JPMorgan Chase Bank, N.A. v Wright (2019 NY Slip Op 05966)





JPMorgan Chase Bank, N.A. v Wright


2019 NY Slip Op 05966


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-11511
 (Index No. 15091/11)

[*1]JPMorgan Chase Bank, N.A., etc., appellant,
v
Cindy E. Wright, respondent.


Solomon & Siris, P.C., Garden City, NY (Eric Anthony Zeni of counsel), for appellant.
Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to compel the Suffolk County Clerk to accept for recording a copy of a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated August 31, 2016. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the first cause of action and granted that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the first cause of action is granted, and that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action is denied.
In April 2007, the defendant borrowed the sum of $300,000 from Washington Mutual Bank (hereinafter Washington Mutual). The loan was secured by a mortgage encumbering certain property in Bayshore. The original mortgage, however, allegedly was lost and not recorded.
In May 2011, the plaintiff, JPMorgan Chase Bank, N.A., as successor in interest to Washington Mutual, commenced this action against the defendant seeking, among other things, to direct the Suffolk County Clerk to accept a copy of the mortgage for recording. The defendant interposed a verified answer generally denying the allegations in the complaint, or denying knowledge or information sufficient to form a belief with respect thereto, and asserting various affirmative defenses, including that the plaintiff did not possess the original loan documents. The defendant also stated that she "did not recall signing" the original mortgage, and the plaintiff was therefore attempting to compel the execution of a fraudulent replacement mortgage.
In September 2015, upon demand by the defendant, the plaintiff filed a note of issue and certificate of readiness. Thereafter, the defendant moved to vacate the note of issue and to dismiss the complaint. The plaintiff opposed the motion and moved for summary judgment on the complaint. The defendant opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint. The plaintiff now appeals from so much of an order of the Supreme Court dated August 31, 2016, as denied that branch of its motion which was for summary judgment on the [*2]first cause of action, and granted that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action.
The plaintiff established its prima facie entitlement to judgment as a matter of law on the first cause of action, which sought an order directing the Suffolk County Clerk to accept a copy of the mortgage for recording. The County Clerk has a statutory duty that is ministerial in nature to record a written conveyance if it is duly acknowledged and accompanied by the proper fee (see Real Property Law §§ 290[3]; 291; County Law § 525[1]). "Accordingly, the Clerk does not have the authority to refuse to record a conveyance which satisfies the narrowly-drawn prerequisites set forth in the recording statute" (Matter of Merscorp, Inc. v Romaine, 24 AD3d 673, 674, affd 8 NY3d 90). Here, the copy of the mortgage submitted on the motion, which is notarized, was subject to recording (cf. JP Morgan Chase Bank, N.A. v Mbanefo, 123 AD3d 669, 671). Contrary to the Supreme Court's determination, the complaint adequately stated a cause of action for this relief (see JPMorgan Chase Bank, N.A. v Roseman, 137 AD3d 1222, 1223), and the plaintiff's failure to submit an affidavit of someone with personal knowledge of the facts was not fatal to the motion. The affidavit or affirmation of an attorney, even if he or she has no personal knowledge of the facts, may serve as the vehicle for the submission of acceptable attachments which provide evidentiary proof in admissible form, e.g., documents and transcripts (see Zuckerman v City of New York, 49 NY2d 557, 563; Tingling v C.I.N.H.R., Inc., 74 AD3d 954, 956). In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action, and should have denied that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court