U.S. Bank N.A. v Calabro (2019 NY Slip Op 06641)





U.S. Bank N.A. v Calabro


2019 NY Slip Op 06641


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-03873
 (Index No. 25109/11)

[*1]U.S. Bank National Association, etc., respondent,
v
Daniel Calabro, etc., et al., appellants, et al., defendant.


Charles H. Wallshein, Melville, NY, for appellants.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Daniel Calabro and Joanne Calabro appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Jerry Garguilo, J.), entered January 30, 2017. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated February 1, 2016, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against those defendants, among other things, granted the plaintiff's motion to confirm a Referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion to confirm the Referee's report is denied, and the Referee's report is rejected.
The plaintiff commenced this action to foreclose a mortgage secured by real property owned by the defendants Daniel Calabro and Joanne Calabro (hereinafter together the defendants), alleging that they defaulted on their loan payments. The plaintiff moved, inter alia, for summary judgment. Upon reargument and renewal, the plaintiff was awarded summary judgment, and a Referee was appointed to compute the amount due. In an order and judgment of foreclosure and sale entered January 30, 2017, the Supreme Court, inter alia, granted the plaintiff's motion to confirm the Referee's report and directed the sale of the subject property. The defendants appeal.
We agree with the Supreme Court's conclusion that the plaintiff established its standing to commence this action by annexing to the complaint a copy of the note, endorsed to the plaintiff (see U.S. Bank N.A. v Fisher, 169 AD3d 1089; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 992; Wells Fargo Bank, N.A. v Frankson, 157 AD3d 844, 845; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; JPMorgan Chase Bank, N.A. v Roseman, 137 AD3d 1222, 1223). "[W]here the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (U.S. Bank N.A. v Fisher, 169 AD3d at 1091 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 863; JPMorgan Chase Bank, N.A. v [*2]Weinberger, 142 AD3d at 645).
However, the Supreme Court should have denied the plaintiff's motion to confirm the Referee's report. "[T]he referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record inasmuch as the computation was premised upon unproduced business records" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209).
The parties' remaining contentions are either without merit or need not be addressed in light of our determination.
DILLON, J.P., MILLER, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court